

FILED

2012 FEB 10  PM 4: 08

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY_____

1  Jennifer L. Bartlett (Cal. Bar No. 183154)
   Robert A. Green (Cal. Bar No. 216116)
2  Stuart J. Purdy (Cal. Bar No. 239878)
   Tyson B. Gamble (Cal. Bar No. 266677)
3  **SIMON GREENSTONE PANATIER BARTLETT, PC**
   301 Ocean Boulevard, Suite 1950
4  Long Beach, California 90802
   Telephone: (562) 590-3400
5  Facsimile:  (562) 590-3412
   E-mail:  jbartlett@sgpblaw.com
6
   Attorneys for Plaintiffs
7
8          **IN THE UNITED STATES DISTRICT COURT**
9          **FOR THE CENTRAL DISTRICT OF CALIFORNIA**
10                                    CV 12  1220 MRP
                                             (DTB)
11  **GERALD LIVINGSTON** and        Case No.:
    **PATRICIA ANN LIVINGSTON**,
12
                    Plaintiffs,       **COMPLAINT**
13
           vs.
14                                    Jury Trial Demanded
15  **3M COMPANY** a/k/a **MINNESOTA
    MINING & MANUFACTURING
16  COMPANY; ABB, INC.** (individually
    and as successor-in-interest to ITE
17  IMPERIAL CO f/k/a ITE CIRCUIT
    BREAKER COMPANY);
18  **AUTOZONE, INC.; AUTOZONE
    WEST, INC. ; THE BOEING
19  COMPANY** (successor to
    McDONNELL DOUGLAS,
20  successor-by-merger to DOULGAS
    AIRCRAFT); **CBS CORPORATION**
21  (a Delaware Corporation) **f/k/a
    VIACOM, INC.** (sued as successor-
22  by-merger to CBS CORPORATION
    (a Pennsylvania Corporation) f/k/a
23  WESTINGHOUSE ELECTRIC
    CORPORATION);**CUMMINS
24  POWER GENERATION, INC.
    d/b/a CUMMINS ONAN** (successor-
25  by-merger to ONAN
    CORPORATION); **CURTISS-
26  WRIGHT CORPORATION;
    EATON CORPORATION** (sued
27  individually and as successor to
    CUTLER HAMMER, INC.); **FORD**
28

                        1

1  **MOTOR COMPANY; GENERAL**
   **ELECTRIC COMPANY;**
2  **GENUINE PARTS COMPANY**
   d/b/a NATIONAL AUTOMOTIVE
3  PARTS ASSOCIATION (aka NAPA);
   **GOODRICH CORPORATION;**
4  **THE GOODYEAR TIRE &**
   **RUBBER COMPANY;**
5  **GOULD ELECTRONICS, INC.**
   (successor-in-interest to ITE CIRCUIT
6  BREAKER COMPANY);
   **HEWLETT-PACKARD**
7  **COMPANY; HONEYWELL**
   **INTERNATIONAL, INC.** (sued as
8  successor-in-interest to BENDIX
   CORPORATION) ; **IMO**
9  **INDUSTRIES, INC.** (sued
   individually and as successor-in-
10 interest to ADEL FASTENERS, and
   WIGGINS CONNECTORS);
11 **INDUSTRIAL HOLDINGS**
   **CORPORATION f/k/a THE**
12 **CARBORUNDUM COMPANY;**
   **METROPOLITAN LIFE**
13 **INSURANCE COMPANY;**
   **NISSAN NORTH AMERICA,**
14 **INC.; OCCIDENTAL CHEMICAL**
   **CORPORATION** f/k/a HOOKERS
15 CHEMICAL COMPANY; **PNEUMO**
   **ABEX LLC** (sued as successor-in-
16 interest to ABEX CORPORATION);
   **PARKER-HANNIFIN**
17 **CORPORATION; ROCKWELL**
   **AUTOMATION, INC.** (sued as
18 successor-in-interest to ALLEN-
   BRADLEY); **SAINT-GOBAIN**
19 **ABRASIVES, INC.** (sued as
   successor-in-interest to NORTON
20 COMPANY); **SCHNEIDER**
   **ELECTRIC USA, INC. f/k/a**
21 **SQUARE D COMPANY;**
   **SIEMENS CORPORATION**
22 (successor-in-interest to ITE CIRCUIT
   BREAKER COMPANY); **UNION**
23 **CARBIDE CORPORATION;**
   **UNITED TECHNOLOGIES**
24 **CORPORATION** (sued as successor-
   in-interest to PRATT & WHITNEY);
25 **VOLKSWAGEN GROUP OF**
   **AMERICA, INC.;** and DOES 1-25
26 INCLUSIVE

27             Defendants.

28

2

COMPLAINT

Plaintiff Gerald Livingston and plaintiff Patricia Ann Livingston bring this action for damages against defendants, demanding a trial by jury. They hereby make the following allegations:

## NATURE OF THE ACTION

1.     As a result of defendants' wrongful conduct, plaintiff Gerald Livingston suffers from pleural mesothelioma, a type of cancer caused by exposure to asbestos. As a result of his diagnosis, he has suffered (and will continue to suffer) substantial physical pain, mental anguish, emotional distress, loss of enjoyment of life, disabilities, and loss of bodily functions. He has also incurred, and will incur, substantial medical expenses and other damages associated with the diagnosis, treatment, and medical course of his cancer. His spouse, plaintiff Patricia Ann Livingston, has also suffered, and will continue to suffer, a loss of society and consortium together with related anguish and grief.

## JURISDICTION AND VENUE

2.     This court has original jurisdiction over these federal claims pursuant to 28 U.S.C. section 1332 because: (a) the matter in controversy exceeds $75,000 exclusive of interest and costs; and, (b) the matter is between citizens of different states.

3.     Venue is proper under 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to this case occurred within this district, and at least one defendant resides in this District.

## THE PARTIES

4.     Plaintiffs Gerald Livingston and Patricia Ann Livingston are residents of the State of Florida.

5.     Upon information and belief, and at all times hereinafter, each of the defendants was the agent, servant, employee and/or joint venture of its co-defendants and each of them, and at all said times each defendant was acting in the full course and scope of said agency, service, employee and/or joint venture. For purposes of this complaint, each defendant hereinafter mentioned shall include the present business

entity, as well as all of its predecessor corporations and entities as applicable.  Upon information and belief, each defendant inclusive: (a) was and is an individual, corporation, partnership and/or unincorporated association organized and existing under and by virtue of the laws of the State of California, or the laws of some other state or foreign jurisdiction to do business in the State of California; (b) in person or through an agent, transacts business in the State of California; (c) regularly does and/or solicits business within the State of California; (d) derive substantial revenue from goods used or consumed in the State of California; and (e) expected or should have expected their acts to have consequences within the state of California and derive substantial revenue from interstate and/or international commerce.  At all relevant times, defendants designed, marketed, manufactured, distributed, supplied and/or sold asbestos-containing products or equipment.

6.     Defendant 3M COMPANY a/k/a MINNESOTA MINING & MANUFACTURING COMPANY is a Delaware corporation whose registered agent for service of process is CT Corporation System, 818 W. Seventh Street, Los Angeles, CA 90017, and whose offices are located at 3M Center, St. Paul, MN 55144-1000. Defendant 3M COMPANY a/k/a MINNESOTA MINING & MANUFACTURING COMPANY is being sued for 3M electrical tape, mastics, and electrical insulation.

7.     Defendant ABB, INC. (individually and as successor-in-interest to ITE IMPERIAL CO f/k/a ITE CIRCUIT BREAKER COMPANY) is a Delaware corporation whose registered agent for service of process is CT Corporation System, 818 W. Seventh Street, Los Angeles, CA 90017, and whose offices are located at 200 Day Hill Road, Windsor, CT 06095.  Defendant ABB, INC. (individually and as successor-in-interest to ITE IMPERIAL CO f/k/a ITE CIRCUIT BREAKER COMPANY) is being sued for ITE circuit breakers.

8.     Defendant AUTOZONE, INC. is a Nevada corporation whose registered agent for service of process is CT Corporation System, 818 W. Seventh Street, Los Angeles, CA 90017, and whose offices are located at 123 Front Street, Memphis, TN 38103. Defendant AUTOZONE, INC. is being sued as a friction products supplier.

9.     Defendant AUTOZONE WEST, INC. (aka Chief Auto Parts) is a Delaware corporation whose registered agent for service of process is CT Corporation System, 818 W. Seventh Street, Los Angeles, CA 90017, and whose offices are located at 123 Front Street, Memphis, TN 38103. Defendant AUTOZONE WEST, INC. is being sued as a friction products supplier.

10.     Defendant THE BOEING COMPANY (successor to McDONNELL DOUGLAS, successor-by-merger to DOUGLAS AIRCRAFT) is a Delaware corporation whose registered agent for service of process is CSC-Lawyers Incorporation Service, 2730 Gateway Oaks Drive, Suite 100, Sacramento, CA 95833, and whose offices are located at 100 N. Riverside Drive, Chicago, IL. Defendant THE BOEING COMPANY (successor to McDONNELL DOUGLAS, successor-by-merger to DOUGLAS AIRCRAFT) is being sued for Boeing and McDonnell Douglas aircraft.

11.     Defendant CBS CORPORATION (a Delaware Corporation) f/k/a VIACOM, INC. (sued as successor-by-merger to CBS CORPORATION (a Pennsylvania Corporation) f/k/a WESTINGHOUSE ELECTRIC CORPORATION) whose registered agent for service of process is CSC-Lawyers Incorporation Service, 2730 Gateway Oaks Drive, Suite 100, Sacramento, CA 95833, and whose offices are located at 51 W. 52nd Street, New York, NY 10019. Defendant CBS CORPORATION (a Delaware Corporation) f/k/a VIACOM, INC. (sued as successor-by-merger to CBS CORPORATION (a Pennsylvania Corporation) f/k/a WESTINGHOUSE ELECTRIC CORPORATION) is being sued for Westinghouse alternators, generators, insulated electrical wiring, and starter motors.

12.  Defendant CUMMINS POWER GENERATION, INC. d/b/a CUMMINS ONAN (successor-by-merger to ONAN CORPORATION) is a Delaware corporation whose registered agent for service is CSC-Lawyers Incorporation Service, 2730 Gateway Oaks Drive, Suite 100, Sacramento, CA 95833, and whose offices are located at 251 E. Ohio Street, Suite 500, Indianapolis, IN 46204.  Defendant CUMMINS POWER GENERATION, INC. is being sued for Onan emergency generators.

13.  Defendant CURTISS-WRIGHT CORPORATION is a Delaware corporation whose registered agent for service of process is CT Corporation System, 818 W. Seventh Street, Los Angeles, CA 90017, and whose offices are located at 4 Becker Farm Road, Roseland, NJ 07068.   Defendant CURTISS-WRIGHT CORPORATION is being sued for aircraft engines, gaskets, insulated hoses, wiring, and insulation.

14.  Defendant EATON CORPORATION (sued individually and as successor to CUTLER HAMMER, INC.) is an Ohio corporation, whose registered agent for service of process is CT Corporation System, 818 W. Seventh Street, Los Angeles, CA 90017, and whose offices are located at 1111 Superior Ave E, Cleveland, OH 44114-2522.  Defendant EATON CORPORATION (sued individually and as successor to CUTLER HAMMER, INC.) is being sued for Cutler Hammer electrical products and hose insulation.

15.  Defendant FORD MOTOR COMPANY is a Delaware corporation whose registered agent for service of process is CT Corporation System, 818 W. Seventh Street, Los Angeles, CA 90017, and whose offices are located at One American Rd., Room 612, Ford World Headquarters, Dearborn, MI 48126.  Defendant FORD MOTOR COMPANY is being sued for Ford friction products.

16.  Defendant GENERAL ELECTRIC COMPANY is a New York corporation whose registered agent for service of process is CT Corporation System, 818 W. Seventh Street, Los Angeles, CA 90017, and whose offices are located at 3135 Easton Turnpike, Fairfield, CT 06431. Defendant GENERAL ELECTRIC COMPANY

is being sued for General Electric alternators, generators, insulated wiring, starter motors, aircraft engines and fire systems.

17. Defendant GENUINE PARTS COMPANY d/b/a NATIONAL AUTOMOTIVE PARTS ASSOCIATION (aka NAPA) is a Georgia corporation whose registered agent for service of process is Chris Wilson, 11710 Pacific Ave, Fontana, CA 92337, and whose offices are located at 2999 Circle 75 Parkway Southeast, Atlanta, GA 30339. Defendant GENUINE PARTS COMPANY d/b/a NATIONAL AUTOMOTIVE PARTS ASSOCIATION (aka NAPA) is being sued as a friction products supplier and manufacturer.

18. Defendant GOODRICH CORPORATION (sued as successor-in-interest to THE B.F. GOODRICH COMPANY and SIMMONDS PRECISION ENGINE SYSTEMS) is a New York corporation, whose registered agent for service of process is CSC-Lawyers Incorporation Service, 2730 Gateway Oaks Drive, Suite 100, Sacramento, CA 95833, and whose offices are located at Four Coliseum Centre, 2730 West Tyvola Rd., Charlotte, NC 28217-4578. Defendant GOODRICH CORPORATION (sued as successor-in-interest to THE B.F. GOODRICH COMPANY and SIMMONDS PRECISION ENGINE SYSTEMS) is being sued for aircraft engine and aircraft engine parts.

19. Defendant THE GOODYEAR TIRE & RUBBER COMPANY (sued individually and as successor-in-interest to DURABLA MANUFACTURING COMPANY) is an Ohio corporation, whose registered agent for service of process is CSC-Lawyers Incorporation Service, 2730 Gateway Oaks Drive, Suite 100, Sacramento, CA 95833, and whose offices are located at 1144 East Market St., Akron, OH 44316. Defendant THE GOODYEAR TIRE & RUBBER COMPANY (sued individually and as successor-in-interest to DURABLA MANUFACTURING COMPANY) is being sued for Goodyear aircraft tires and brakes, and Durabla gaskets.

20.  Defendant GOULD ELECTRONICS, INC. (successor-in-interest to ITE CIRCUIT BREAKER COMPANY) is an Arizona corporation whose registered agent for service of process is CT Corporation System, 818 W. Seventh Street, Los Angeles, CA 90017, and whose offices are located at 34929 Curtis Blvd, Suite 100, Eastlake, OH 44095. Defendant GOULD ELECTRONICS, INC. (successor-in-interest to ITE CIRCUIT BREAKER COMPANY) is being sued for ITE circuit breakers.

21.  Defendant HEWLETT-PACKARD COMPANY is a Delaware corporation whose registered agent for service of process is CT Corporation System, 818 W. Seventh Street, Los Angeles, CA 90017, and whose offices are located at 3000 Hanover Street, Palo Alto, CA 94304. Defendant HEWLETT-PACKARD COMPANY is being sued for Hewlett-Packard electrical equipment.

22.  Defendant HONEYWELL INTERNATIONAL, INC. (sued as successor-in-interest to BENDIX CORPORATION) is a Delaware corporation whose registered agent for service of process is CSC-Lawyers Incorporation Service, 2730 Gateway Oaks Drive, Suite 100, Sacramento, CA 95833, and whose offices are located at 101 Columbia Road., Morristown, NJ 07962. Defendant HONEYWELL INTERNATIONAL, INC. (sued as successor-in-interest to BENDIX CORPORATION) is being sued for Bendix friction products.

23.  Defendant IMO INDUSTRIES, INC. (sued individually and as successor-in-interest to ADEL FASTENERS and WIGGINS CONNECTORS) is a Delaware corporation whose registered agent for service of process is CSC-Lawyers Incorporation Service, 2730 Gateway Oaks Drive, Suite 100, Sacramento, CA 95833, and whose offices are located at 200 American Metro Blvd, Suite 111, Trenton, NJ 08619. Defendant IMO INDUSTRIES, INC. (sued individually and as successor-in-interest to ADEL FASTENERS, and WIGGINS CONNECTORS) is being sued for Adel and Wiggins fasteners, connectors and hoses, and DeLaval turbines.

COMPLAINT

24.  Defendant INDUSTRIAL HOLDINGS CORPORATION f/k/a THE CARBORUNDUM COMPANY is a New York corporation whose registered agent for service of process is The Prentice Hall Corporation System, Inc., 80 State Street, Albany, NY 12207, and whose offices are located at 101 Hudson Street, Floor 11, Jersey City, NJ 07302. Defendant INDUSTRIAL HOLDINGS CORPORATION f/k/a THE CARBORUNDUM COMPANY is being sued for grinding wheels.

25.  Defendant METROPOLITAN LIFE INSURANCE COMPANY is a New York corporation whose registered agent for service of process is CT Corporation System, 818 W. Seventh Street, Los Angeles, CA 90017, and whose offices are located at 1095 Avenue of the Americas, New York, NY 10036. Defendant METROPOLITAN LIFE INSURANCE COMPANY is being sued as a conspiracy defendant.

26.  Defendant NISSAN NORTH AMERICA, INC. is a California corporation whose registered agent for service of process is CSC-Lawyers Incorporation Service, 2730 Gateway Oaks Drive, Suite 100, Sacramento, CA 95833, and whose offices are located at One Nissan Way, Franklin, TN 37068-5001.  Defendant NISSAN NORTH AMERICA, INC. is being sued for Datsun and Nissan friction products.

27.  Defendant OCCIDENTAL CHEMICAL CORPORATION f/k/a HOOKERS CHEMICAL COMPANY is a Texas corporation whose registered agent for service of process is CT Corporation System, 818 W. Seventh Street, Los Angeles, CA 90017, and whose offices are located at 5005 LBJ Freeway, Dallas, TX 75244-6119. Defendant OCCIDENTAL CHEMICAL CORPORATION f/k/a HOOKERS CHEMICAL COMPANY is being sued as a supplier of raw asbestos fibers to Durez/Square D.

28.  Defendant PARKER-HANNIFIN CORPORATION is an Ohio corporation, whose registered agent for service of process is CT Corporation System, 818 W. Seventh Street, Los Angeles, CA 90017, and whose offices are located at 6035 Parkland Boulevard, Cleveland, OH  44124.  Defendant PARKER-HANNIFIN CORPORATION is being sued for aircraft engines and brakes.

1    29.  Defendant PNEUMO ABEX LLC (sued as successor-in-interest to ABEX

2    CORPORATION) is a Delaware corporation whose registered agent for service of

3    process is Corporation Service Company, 2711 Centerville Road, Wilmington, DE

4    19808, and whose offices are located at 32 E. Lockerman Street, Suite 100, Dover, DE

5    19901.  Defendant PNEUMO ABEX LLC (sued as successor-in-interest to ABEX

6    CORPORATION) is being sued for friction products.

7    30.  Defendant ROCKWELL AUTOMATION, INC. (sued as successor-in-

8    interest to ALLEN-BRADLEY) is a Delaware corporation whose registered agent for

9    service of process is CT Corporation System, 818 W. Seventh Street, Los Angeles, CA

10   90017, and whose offices are located at 1201 South Second Street, Milwaukee, WI

11   53204. Defendant ROCKWELL AUTOMATION, INC. (sued as successor-in-interest

12   to ALLEN-BRADLEY) is being sued for Allen Bradley electrical panels.

13   31.  Defendant SAINT-GOBAIN ABRASIVES, INC. (sued as successor-in-

14   interest to NORTON COMPANY) is a Delaware corporation whose registered agent for

15   service of process is CT Corporation System, 818 W. Seventh Street, Los Angeles, CA

16   90017, and whose offices are located at 750 E. Swedesford Road, Valley Forge, PA

17   19482. Defendant SAINT-GOBAIN ABRASIVES, INC. (sued as successor-in-interest

18   to NORTON COMPANY) is being sued for Norton grinding wheels.

19   32.  Defendant SCHNEIDER ELECTRIC USA, INC. f/k/a SQUARE D

20   COMPANY is a Delaware corporation whose registered agent for service of process is

21   CSC-Lawyers Incorporation Service, 2730 Gateway Oaks Drive, Suite 100,

22   Sacramento, CA 95833, and whose offices are located at 1415 S. Roselite Road,

23   Palatine, IL 60067. Defendant SCHNEIDER ELECTRIC USA, INC. f/k/a SQUARE D

24   COMPANY is being sued for Square D electrical panels

25   33.  Defendant SIEMENS CORPORATION (successor-in-interest to ITE

26   CIRCUIT BREAKER COMPANY) is a Delaware corporation whose registered agent

27   for service of process is CT Corporation System, 818 W. Seventh Street, Los Angeles,

28   CA  90017, and whose offices are located at 153 E. 53rd Street, #56, New York, NY

10022. Defendant SIEMENS CORPORATION (successor-in-interest to ITE CIRCUIT BREAKER COMPANY) is being sued for ITE circuit breakers.

34. Defendant UNION CARBIDE CORPORATION is a New York corporation whose registered agent for service of process is CT Corporation System, 818 W. Seventh Street, Los Angeles, CA 90017, and whose offices are located at 1254 Enclave Parkway, Houston, TX 77077. Defendant UNION CARBIDE CORPORATION is being sued as a supplier of asbestos fibers and phenolics.

35. Defendant UNITED TECHNOLOGIES CORPORATION (sued as successor-in-interest to PRATT & WHITNEY) is a Delaware corporation whose registered agent for service of process is CT Corporation System, 818 W. Seventh Street, Los Angeles, CA 90017, and whose offices are located at 400 Main Street, East Hartford, CT 06108. Defendant UNITED TECHNOLOGIES CORPORATION (sued as successor-in-interest to PRATT & WHITNEY) is being sued for Pratt & Whitney engines, gaskets, insulation, wiring, and clamps.

36. Defendant VOLKSWAGEN GROUP OF AMERICA, INC. is a New Jersey corporation whose registered agent for service of process is CT Corporation System, 818 W. Seventh Street, Los Angeles, CA 90017 and whose offices are located at 3800 Hamlin Rd., Auburn Hills, MI 48326. Defendant VOLKSWAGEN GROUP OF AMERICA, INC. is being sued for Volkswagen friction products.

## FACTUAL BACKGROUND

37. Plaintiff GERALD LIVINGSTON was wrongfully exposed to and inhaled, ingested, or otherwise absorbed asbestos fibers, an inherently toxic substance, as described below:

a. GERALD LIVINGSTON was exposed to asbestos when employed as an aircraft electrician while serving in the United States Air Force (including at March Air Force Base in Riverside, California) from approximately 1952 to 1961, and as a reservist in 1963. While so employed, GERALD LIVINGSTON was exposed to asbestos from a variety of asbestos-containing products or equipment, including, but not

limited to: aircraft engines, alternators, generators, starter motors, engine fire warning systems, clamps, connectors, hoses, circuit breakers, and electrical panels;

b.    GERALD LIVINGSTON was exposed to asbestos performing maintenance to his personal vehicles, and while employed as an automotive mechanic from approximately 1963 to 1964, and 1976 to 1977.  In this manner GERALD LIVINGSTON was exposed to asbestos from a variety of asbestos-containing products or equipment, including but not limited to: brakes, clutches, and/or gaskets.

c.    GERALD LIVINGSTON was exposed to asbestos while employed as a general electrician and aircraft electrician from 1978 to 1992.  In this manner GERALD LIVINGSTON was exposed to asbestos from a variety of asbestos-containing products or equipment, including, but not limited to: electrical panels, power distribution systems, circuit breakers, outlets, switches, wires, and generators.

38.    Plaintiff GERALD LIVINGSTON was exposed to asbestos, asbestos-containing products, products designed to be used with asbestos-containing products, and/or products that foreseeably would be used with asbestos-containing products, which were manufactured, sold, distributed, or installed by the defendants.

39.    At all times herein set forth, the defendants' products were being employed in the manner and for the purposes for which they were intended.

40.    Plaintiff GERALD LIVINGSTON's exposure to and inhalation, ingestion or absorption of asbestos fibers emanating from the use of the above mentioned products was completely foreseeable and could or should have been anticipated by the defendants.

41.    The defendants knew or should have known that the asbestos fibers contained in their products and/or the products with which their products were designed to be used had a toxic, poisonous, and highly deleterious effect upon the health of persons inhaling, ingesting or otherwise absorbing them.

42.    Plaintiff GERALD LIVINGSTON suffers from an asbestos-related disease, including but not limited to malignant mesothelioma.  Plaintiff GERALD LIVINGSTON was first diagnosed with this disease on approximately October 19, 2011, and subsequently thereto, became aware that the same was wrongfully caused. As a result of developing mesothelioma, plaintiff GERALD LIVINGSTON has endured great physical pain and suffering, mental anguish, emotional pain and suffering, and loss of enjoyment of life.  As a result of defendants' wrongful conduct, plaintiff GERALD LIVINGSTON was required to receive medical treatment to mitigate his asbestos-related mesothelioma, incurring reasonable and necessary costs for medical care, diagnosis, and treatment.  Further, as a result of defendants' wrongful conduct, plaintiff GERALD LIVINGSTON has incurred a substantial loss of income.

43.    As a result of defendants' wrongful conduct which caused plaintiff GERALD LIVINGSTON's asbestos-related mesothelioma, his spouse, plaintiff PATRICIA ANN LIVINGSTON, has suffered, and will continue to suffer, a loss of society, as well as related mental anguish and grief.

# FIRST CAUSE OF ACTION

## NEGLIGENCE

### (Against All Defendants, Except Metropolitan Life Insurance Company)

44.    Plaintiffs reallege the preceding paragraphs as if fully set forth herein and, to the extent necessary, plead this cause of action in the alternative.

45.    At all times herein relevant, defendants had a duty to exercise reasonable care and caution for the safety of plaintiff GERALD LIVINGSTON and others working with and around the defendants' asbestos-containing products.

46.    The defendants negligently produced, sold, supplied or otherwise put into the stream of commerce asbestos and asbestos-containing products and/or machinery requiring the use of asbestos and/or asbestos-containing products.

47.   The defendants knew or should have known that the asbestos fibers contained in their products had a toxic, poisonous, and highly deleterious effect upon the health of persons inhaling, ingesting or otherwise absorbing them.

48.   As a designer, developer, manufacturer, distributor, supplier, and seller of the above-described asbestos and asbestos-containing products, the defendants owed a duty to foreseeable users and handlers of said products to use ordinary care in designing, manufacturing, marketing, supplying and selling said products in such a manner as to render them safe for their intended and foreseeable uses.

49.   The defendants were negligent in that they failed to exercise ordinary care and caution for the safety of plaintiff GERALD LIVINGSTON and/or his family members in one or more of the following respects:

a.   Including asbestos in their products, and using asbestos even though it was foreseeable that persons such as plaintiff GERALD LIVINGSTON and his family members, working with and around them would inhale, ingest or otherwise absorb asbestos;

b.   Including asbestos in their products, and using asbestos when the defendants knew or should have known that said asbestos would have a toxic, poisonous and highly deleterious effect upon the health of persons inhaling, ingesting or otherwise absorbing them;

c.   Including asbestos in their products, and using asbestos when adequate substitutes for the asbestos in them were available;

d.   Failing to provide any or adequate warnings to persons working with and around their products of the dangers of inhaling, ingesting or otherwise absorbing the asbestos fibers contained in them;

e.   Failing to provide any or adequate instructions concerning the safe methods of working with and around the products, including specific instructions on how to avoid inhaling, ingesting or otherwise absorbing the asbestos fibers in them;

    f.      Failing to conduct tests on the asbestos-containing products manufactured, sold, delivered or installed by the Defendants in order to determine the hazards to which persons such as plaintiff GERALD LIVINGSTON and/or his family might be exposed while working with or around their products;

    g.      Designing, manufacturing and selling equipment, vehicles, machinery, technologies and systems that included asbestos-containing components and required and/or specified the use of asbestos-containing replacement components.

50.   Defendants' actions, as stated herein, also constituted a conscious and flagrant disregard of the rights and safety of plaintiff GERALD LIVINGSTON and by engaging in such actions, defendants acted with the necessary malice, fraud, and oppression that justifies holding them liable for punitive damages.

51.   Specifically, defendants are guilty of one or more of the following acts or omissions amounting to fraudulent misconduct, malice, and gross negligence;

    a.      Intentionally or with gross negligence disregarded the safety of plaintiff GERALD LIVINGSTON, by including asbestos in their products, or using asbestos, even though it was completely foreseeable and could or should have been anticipated that persons such as Plaintiff GERALD LIVINGSTON and/or his family members working with or around their products, would inhale, ingest or otherwise absorb asbestos;

    b.      Intentionally or with gross negligence disregarded the safety of plaintiff GERALD LIVINGSTON, by including asbestos in their products, or using asbestos, when the defendants knew or should have known that said asbestos fibers would have a toxic, poisonous and highly deleterious effect upon the health of persons inhaling, ingesting or otherwise absorbing them;

    c.      Intentionally or with gross negligence disregarded the safety of plaintiff GERALD LIVINGSTON, by including asbestos in their products, or using asbestos, when adequate substitutes for the asbestos in them were available;

1          d.    Intentionally or with gross negligence disregarded the safety of

2   plaintiff GERALD LIVINGSTON by removing any warnings regarding the dangers of

3   asbestos from the packing of asbestos-containing products supplied to persons working

4   with and around the products and using the products in their intended and/or reasonably

5   foreseeable manner;

6          e.    Intentionally or with gross negligence disregarded the safety of

7   plaintiff GERALD LIVINGSTON by failing to provide any or adequate warnings to

8   persons working with and around their products of the dangers of inhaling, ingesting or

9   otherwise absorbing asbestos fibers in them;

10         f.    Intentionally or with gross negligence disregarded the safety of

11  plaintiff GERALD LIVINGSTON by failing to provide any or adequate instructions

12  concerning the safe methods of working with and around their products, including

13  specific instructions on how to avoid inhaling, ingesting or otherwise absorbing the

14  asbestos fibers in them;

15         g.    Intentionally or with gross negligence disregarded the safety of

16  plaintiff GERALD LIVINGSTON by failing to conduct tests on the asbestos-containing

17  products manufactured, sold, delivered or installed by the Defendants in order to

18  determine the hazards to which persons such as Plaintiff GERALD LIVINGSTON

19  and/or his family members might be exposed while working with and around the

20  products;

21         h.    Intentionally or with gross negligence disregarded the safety of

22  plaintiff GERALD LIVINGSTON by failing to adequately label, warn, package,

23  market, distribute, install, remove, or use asbestos in a reasonable manner which would

24  minimize or eliminate the escape of asbestos dust fibers, therefore adding to the

25  exposure of plaintiff GERALD LIVINGSTON, his family members, and other similarly

26  situated;

27

28

COMPLAINT

1    i.    Intentionally or with gross negligence disregarded the safety of

2 plaintiff GERALD LIVINGSTON by failing to take adequate steps to remedy the above

3 failures, including but not limited to: (1) failure to recall or require removal of asbestos

4 and asbestos products, coupled with; (2) ongoing failure to conduct research as to how

5 to cure or minimize asbestos injuries and how to use, install, or distribute asbestos so as

6 to render it safe; and, (3) failure to promptly and safely remove the asbestos now in

7 place;

8    j.    Intentionally or with gross negligence disregarded the safety of

9 Plaintiff GERALD LIVINGSTON by failing to require and/or advise workers and

10 persons such as Plaintiff GERALD LIVINGSTON's family members of hygiene

11 practices designed to reduce and/or prevent carrying asbestos fibers into the home and

12 thereby exposing family members such as Plaintiff GERALD LIVINGSTON.

13    52.    As a direct and proximate result of one or more of the foregoing acts

14 and/or omissions on the part of the Defendants, Plaintiff GERALD LIVINGSTON was

15 exposed to and inhaled, ingested or otherwise absorbed asbestos fibers causing Plaintiff

16 GERALD LIVINGSTON to develop mesothelioma. Plaintiff GERALD LIVINGSTON

17 has therefore been and will be compelled to expend and become liable for large sums of

18 monies for hospital, medical and other health care services necessary for the treatment

19 of his asbestos-induced mesothelioma and condition.    Plaintiff GERALD

20 LIVINGSTON has also experienced and will experience great physical pain and mental

21 anguish as a result of his asbestos-induced mesothelioma, as well as a substantial loss of

22 income.

23    53.    Plaintiff GERALD LIVINGSTON became married to plaintiff PATRICIA

24 ANN LIVINGSTON on June 6, 1998. As a result of defendants' wrongful conduct

25 which caused plaintiff GERALD LIVINGSTON's to be diagnosed asbestos-related

26 mesothelioma, plaintiff PATRICIA ANN LIVINGSTON has suffered. and will

27 continue to suffer, the loss of support, consortium, and society of her husband, together

28 with related mental anguish and pain and suffering.

## SECOND CAUSE OF ACTION

## STRICT PRODUCT LIABILITY

### (Against All Defendants, Except Metropolitan

### Life Insurance Company)

54.    Plaintiffs reallege the preceding paragraphs as if fully set forth herein and, to the extent necessary, plead this cause of action in the alternative.

55.    The defendants placed their asbestos and asbestos-containing products on the market and knew or should have known they would be used without inspection for defects.

56.    Defendants failed to design, manufacture, market, distribute, supply, and sell asbestos and asbestos-containing products and/or machinery requiring the use of asbestos and/or asbestos-containing products in such a manner as to render them safe for their intended and foreseeable uses.  By way of example, and not limitation, defendants:

a.    Failed to design, develop, manufacture and test the asbestos, asbestos-containing products and/or machinery requiring the use of asbestos and/or asbestos-containing products in such a manner as to render them safe for their intended and foreseeable users, when defendants knew or should have known that the foreseeable use of intended purpose of their products was by persons, specifically plaintiff GERALD LIVINGSTON, who worked with and around said products;

b.    Marketed and sold said products that were in an unreasonably dangerous and defective condition, presenting a hazardous risk to plaintiff GERALD LIVINGSTON's well being;

c.    Failed to recall or attempt to repair the defective products when defendants are and have been aware of the propensity of said products to injure plaintiff GERALD LIVINGSTON;

d.    Failed to properly test said products to ensure that they were reasonably safe for use throughout their lifetime.

57. Moreover, when defendants' asbestos and asbestos-containing products left the defendants' possession and were placed on the market they were defective in that:

a. When used in the intended or reasonably foreseeable manner, the products were not reasonably safe for their intended use;

b. When used in the intended or reasonably foreseeable manner, the products failed to perform as safely as would be expected by an ordinary user or consumer;

c. When used in the intended or reasonably foreseeable manner, the products caused a risk of harm beyond that which would be contemplated by the ordinary user or consumer.

58. Defendants violated the requirements of Section 402A of the Restatement of Torts 2d, all of which proximately resulted in plaintiff GERALD LIVINGSTON's asbestos-related mesothelioma.

59. Additionally, although defendants knew or, in the exercise of ordinary care, should have known that their asbestos and asbestos-containing products and/or machinery requiring the use of asbestos and/or asbestos-containing products were deleterious, and highly harmful to plaintiff GERALD LIVINGSTON's health, Defendants nonetheless:

a. Failed to advise or warn plaintiff GERALD LIVINGSTON of the dangerous characteristics of their asbestos and asbestos-containing products and/or machinery requiring the use of asbestos and/or asbestos containing products;

b. Failed to provide plaintiff GERALD LIVINGSTON with the knowledge as to what would be reasonably safe and sufficient wearing apparel and proper protective equipment and appliance, if any, to protect plaintiff GERALD LIVINGSTON from being harmed by exposure to asbestos and asbestos-containing products and/or machinery requiring the use of asbestos and/or asbestos-containing products;

COMPLAINT

c.      Failed to place any warnings on containers of said asbestos and asbestos-containing products alerting plaintiff GERALD LIVINGSTON of the dangers to his health caused by contact with asbestos and asbestos-containing products and/or machinery requiring the use of asbestos and/or asbestos-containing products;

d.      Failed to take reasonable precautions or to exercise reasonable care to publish, adopt and enforce a safety plan and/or a safe method of handling and installing asbestos and asbestos-containing products, or utilizing the machinery requiring the use of asbestos and/or asbestos-containing products in a safe manner.

60.      Defendants' products were also defective due to inadequate warning or instructions during and after the time of marketing in that defendants knew, or in the exercise of reasonable care, should have known about the risks associated with their products and failed to provide reasonable and/or adequate warning or instruction in light of the likelihood that the asbestos, asbestos-containing products and/or machinery requiring the use of asbestos and/or asbestos-containing products would cause serious physical harm to plaintiff GERALD LIVINGSTON.

61.      As a direct and proximate result of using defendants' asbestos and asbestos-containing products for the general purposes for which they were designed and intended, plaintiff GERALD LIVINGSTON was exposed to asbestos and was injured as described herein.

62.      Accordingly, defendants are strictly liable to plaintiff GERALD LIVINGSTON for their failure to warn, and for the defective design and manufacture and/or marketing, distributing, supplying and selling a defective product.

# THIRD CAUSE OF ACTION

## BREACH OF WARRANTY

### (Against All Defendants, Except Metropolitan

### Life Insurance Company)

63.   Plaintiffs reallege the preceding paragraphs as if fully set forth herein and, to the extent necessary, plead this cause of action in the alternative.

64.   Defendants caused plaintiff GERALD LIVINGSTON's injuries and damages as stated above by manufacturing, selling, installing, and distributing asbestos-containing products and raw materials which failed to meet express and implied warranties of merchantability and fitness for intended purposes upon which plaintiff GERALD LIVINGSTON had a right to rely and did rely.

65.   As a direct and proximate result of the breaches of these warranties, plaintiff GERALD LIVINGSTON was exposed to and inhaled, ingested or otherwise absorbed asbestos fibers causing plaintiff GERALD LIVINGSTON to develop the aforesaid mesothelioma, which has disabled and disfigured and will disable and disfigure plaintiff GERALD LIVINGSTON; plaintiff GERALD LIVINGSTON was and is compelled to expend and become liable for large sums of monies for hospital, medical, and other health care services necessary for the treatment of his asbestos-induced mesothelioma; and, plaintiff GERALD LIVINGSTON has experienced and will experience great physical pain and mental anguish as a result of his asbestos-induced mesothelioma and conditions. Plaintiff GERALD LIVINGSTON has incurred and will incur substantial loss of income.  Defendants are liable to plaintiff's spouse, PATRICIA ANN LIVINGSTON, as she has suffered and still continues to suffer loss of society and consortium.

# FOURTH CAUSE OF ACTION

## CONSPIRACY

### (Against Metropolitan Life Insurance Company Only)

66.     Defendant METROPOLITAN LIFE INSURANCE COMPANY rendered substantial aid and assistance to the manufacturers of asbestos-containing products to which plaintiff GERALD LIVINGSTON was exposed, and such assistance by Metropolitan Life aided and abetted the negligence and the marketing of unreasonably dangerous asbestos-containing products by such manufacturers which proximately caused plaintiff GERALD LIVINGSTON's illness, injuries, and disabilities.

67.     In both conducting tests and in publishing their alleged results, METROPOLITAN LIFE failed to exercise reasonable care to conduct or publish complete, adequate and accurate tests of the health effects of asbestos. METROPOLITAN LIFE also caused to be published intentionally false, misleading, inaccurate and deceptive information about the health effects of asbestos exposure.

68.     Plaintiff GERALD LIVINGSTON unwittingly but justifiably relied upon the thoroughness of METROPOLITAN LIFE's tests and information dissemination, the results of which Metropolitan Life published in leading medical journals.

69.     As a direct and proximate contributing result of METROPOLITAN LIFE's failures to conduct or accurately publish adequate tests or disseminate accurate and truthful information, after undertaking to do so; (i) the risk of harm to plaintiff GERALD LIVINGSTON from asbestos exposure was increased, and (ii) plaintiff GERALD LIVINGSTON suffered the injuries described below.

70.     In failing to test fully and adequately for the adverse health effects from exposure to asbestos; in delaying the publication of such results; and in falsely editing such results as were obtained; in suppressing relevant medical inquiry and knowledge about those hazards to promote the sale and distribution of asbestos as a harmless product; and in collaborating with the other Defendants materially to understate the hazards of asbestos exposure, all for their own profit and gain, METROPOLITAN LIFE

1 | acted recklessly, wantonly, and in calculated disregard for the welfare of the general
2 | public, including plaintiff GERALD LIVINGSTON.

**PRAYER FOR RELIEF**

WHEREFORE, plaintiffs GERALD LIVINGSTON and PATRICIA ANN LIVINGSTON request that the court enter an order or judgment against the defendants as follows:

1.     Adjudge and decree that the defendants have engaged in the conduct alleged herein;

2.     For economic damages in an amount not yet ascertained, but in excess of $1,000,000;

3.     For noneconomic damages in an amount not yet ascertained, but in excess of $5,000,000;

4.     For punitive damages according to proof;

5.     For both pre and post-judgment interest at the maximum allowable rate on any amounts awarded;

6.     For costs of the proceedings herein;

7.     Any and all such other and further relief that this court may deem just and proper.

Dated: February 10, 2012        SIMON GREENSTONE PANATIER BARTLETT PC

By: _____

Jennifer L. Bartlett
Robert A. Green
Stuart J. Purdy
Tyson B. Gamble

Attorneys for Plaintiffs

1

## DEMAND FOR JURY TRIAL

2      Plaintiffs hereby demand a trial by jury in the instant action.

3

4   Dated: February 10, 2012         SIMON GREENSTONE PANATIER BARTLETT PC

5

6                                    By: _____

7                                        Jennifer L. Bartlett
                                         Robert A. Green
8                                        Stuart J. Purdy
                                         Tyson B. Gamble
9

10                                       Attorneys for Plaintiffs

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Mariana P. Pfaelzer and the assigned discovery Magistrate Judge is David T. Bristow.

The case number on all documents filed with the Court should read as follows:

## CV12- 1220 MRP (DTBx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

The United States District Judge assigned to this case will review all filed discovery motions and thereafter, on a case-by-case or motion-by-motion basis, may refer discovery related motions to the Magistrate Judge for hearing and determination

===================================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] **Western Division** | [ ] **Southern Division** | [ ] **Eastern Division** |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

Name & Address:

Jennifer L. Bartlett, Esq.
SIMON GREENSTONE PANATIER BARTLETT, PC
301 E Ocean Blvd., Suite 1950
Long Beach, CA 90802
562-590-3400

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERALD LIVINGSTON and PATRICIA ANN LIVINGSTON | CASE NUMBER |
| | CV12-1220-MRP  DTBx |
| PLAINTIFF(S) | |
| v. | |
| 3M COMPANY a/k/a MINNESOTA MINING & MANUFACTURING COMPANY, ABB, INC., AUTOZONE WEST, INC., THE BOEING COMPANY, CBS | **SUMMONS** |
| See Attached  DEFENDANT(S). | |

TO:     DEFENDANT(S): 3M COMPANY a/k/a MINNESOTA MINING & MANUFACTURING COMPANY
                     Continued on attachment

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☐ complaint ☒ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.   The answer or motion must be served on the plaintiff's attorney, _Jennifer L. Bartlett, Esq._____, whose address is _301 E Ocean Blvd., Suite 1950, Long Beach, CA 90802_____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: February _14_ 2012_____

By: _____
        Deputy Clerk

        *(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States.  Allowed 60 days by Rule 12(a)(3)].*

CV-01A (10/11)                                    **SUMMONS**



FILED

2012 FEB 10  PM 4: 08

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY _____

1  Jennifer L. Bartlett (Cal. Bar No. 183154)
   Robert A. Green (Cal. Bar No. 216116)
2  Stuart J. Purdy (Cal. Bar No. 239878)
   Tyson B. Gamble (Cal. Bar No. 266677)
3  **SIMON GREENSTONE PANATIER BARTLETT, PC**
   301 Ocean Boulevard, Suite 1950
4  Long Beach, California 90802
   Telephone: (562) 590-3400
5  Facsimile:  (562) 590-3412
   E-mail:  jbartlett@sgpblaw.com
6
   Attorneys for Plaintiffs
7
8             **IN THE UNITED STATES DISTRICT COURT**

9          **FOR THE CENTRAL DISTRICT OF CALIFORNIA**

10
11  **GERALD LIVINGSTON** and          Case No.: CV 12 1220-MRP
    **PATRICIA ANN LIVINGSTON,**                    (DTBx)
12
                    Plaintiffs,
13                                     **COMPLAINT**
          vs.
14                                     Jury Trial Demanded
15  **3M COMPANY** a/k/a MINNESOTA
    MINING & MANUFACTURING
16  COMPANY; **ABB, INC.** (individually
    and as successor-in-interest to ITE
17  IMPERIAL CO f/k/a ITE CIRCUIT
    BREAKER COMPANY);
18  **AUTOZONE, INC.; AUTOZONE
    WEST, INC. ; THE BOEING
19  COMPANY** (successor to
    McDONNELL DOUGLAS,
20  successor-by-merger to DOULGAS
    AIRCRAFT); **CBS CORPORATION**
21  (a Delaware Corporation) **f/k/a
    VIACOM, INC.** (sued as successor-
22  by-merger to CBS CORPORATION
    (a Pennsylvania Corporation) f/k/a
23  WESTINGHOUSE ELECTRIC
    CORPORATION);**CUMMINS
24  POWER GENERATION, INC.
    d/b/a CUMMINS ONAN** (successor-
25  by-merger to ONAN
    CORPORATION); **CURTISS-
26  WRIGHT CORPORATION;
    EATON CORPORATION** (sued
27  individually and as successor to
    CUTLER HAMMER, INC.); **FORD**
28

                                      1

1  **MOTOR COMPANY; GENERAL**
   **ELECTRIC COMPANY;**
2  **GENUINE PARTS COMPANY**
   d/b/a NATIONAL AUTOMOTIVE
3  PARTS ASSOCIATION (aka NAPA);
   **GOODRICH CORPORATION;**
4  **THE GOODYEAR TIRE &**
   **RUBBER COMPANY;**
5  **GOULD ELECTRONICS, INC.**
   (successor-in-interest to ITE CIRCUIT
6  BREAKER COMPANY);
   **HEWLETT-PACKARD**
7  **COMPANY; HONEYWELL**
   **INTERNATIONAL, INC.** (sued as
8  successor-in-interest to BENDIX
   CORPORATION) ; **IMO**
9  **INDUSTRIES, INC.** (sued
   individually and as successor-in-
10 interest to ADEL FASTENERS, and
   WIGGINS CONNECTORS);
11 **INDUSTRIAL HOLDINGS**
   **CORPORATION f/k/a THE**
12 **CARBORUNDUM COMPANY;**
   **METROPOLITAN LIFE**
13 **INSURANCE COMPANY;**
   **NISSAN NORTH AMERICA,**
14 **INC.; OCCIDENTAL CHEMICAL**
   **CORPORATION** f/k/a HOOKERS
15 CHEMICAL COMPANY; **PNEUMO**
   **ABEX LLC** (sued as successor-in-
16 interest to ABEX CORPORATION);
   **PARKER-HANNIFIN**
17 **CORPORATION; ROCKWELL**
   **AUTOMATION, INC.** (sued as
18 successor-in-interest to ALLEN-
   BRADLEY); **SAINT-GOBAIN**
19 **ABRASIVES, INC.** (sued as
   successor-in-interest to NORTON
20 COMPANY); **SCHNEIDER**
   **ELECTRIC USA, INC. f/k/a**
21 **SQUARE D COMPANY;**
   **SIEMENS CORPORATION**
22 (successor-in-interest to ITE CIRCUIT
   BREAKER COMPANY); **UNION**
23 **CARBIDE CORPORATION;**
   **UNITED TECHNOLOGIES**
24 **CORPORATION** (sued as successor-
   in-interest to PRATT & WHITNEY);
25 **VOLKSWAGEN GROUP OF**
   **AMERICA, INC.;** and DOES 1-25
26 INCLUSIVE

27              Defendants.

28

2

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)

GERALD LIVINGSTON and PATRICIA ANN LIVINGSTON

**DEFENDANTS**

3M COMPANY a/k/a MINNESOTA MINING & MANUFACTURING COMPANY et al.

**(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)

SIMON GREENSTONE PANATIER BARTLETT, P.C.
301 E. Ocean Blvd., Ste. 1950
Long Beach, California 90802 (562) 590-3400

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff
☐ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant
☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify):
☐ 6 Multi-District Litigation
☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No    ☐ **MONEY DEMANDED IN COMPLAINT: $** _____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
NEGLIGENCE, STRICT PRODUCTS LIABILITY

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending |  | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine |  | ☐ 540 Mandamus/Other | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations |  | ☐ 345 Marine Product Liability | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | PROPERTY RIGHTS |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE / PENALTY | ☐ 820 Copyrights |
| ☐ 810 Selective Service |  | ☐ 360 Other Personal Injury | CIVIL RIGHTS | ☐ 610 Agriculture | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | SOCIAL SECURITY |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☒ 368 Asbestos Personal Injury Product Liability | ☐ 443 Housing/Acco-mmodations |  | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | IMMIGRATION | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | ☐ 462 Naturalization Application | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | REAL PROPERTY | ☐ 463 Habeas Corpus-Alien Detainee | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 465 Other Immigration Actions | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure |  |  | ☐ 690 Other | FEDERAL TAX SUITS |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment |  |  |  | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 240 Torts to Land |  |  |  | ☐ 871 IRS-Third Party 26 USC 7609 |
|  | ☐ 245 Tort Product Liability |  |  |  |  |
|  | ☐ 290 All Other Real Property |  |  |  |  |

CV12 1220

**FOR OFFICE USE ONLY:** Case Number: _____

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☒ No   ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☒ No   ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply)   ☐ A.  Arise from the same or closely related transactions, happenings, or events; or
                               ☐ B.  Call for determination of the same or substantially related or similar questions of law and fact; or
                               ☐ C.  For other reasons would entail substantial duplication of labor if heard by different judges; or
                               ☐ D.  Involve the same patent, trademark or copyright, <u>and</u> one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐   Check here if the government, its agencies or employees is a named plaintiff.  If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | FLORIDA |

(b)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐   Check here if the government, its agencies or employees is a named defendant.  If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | STATES OTHER THAN FLORIDA |

(c)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
     **Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| RIVERSIDE COUNTY | |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved.

X.  SIGNATURE OF ATTORNEY (OR PRO PER): _____   Date February 10, 2012

Notice to Counsel/Parties:   The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings
or other papers as required by law.  This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed
but  is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet.  (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |