Robert E. Boone III, California Bar No. 132780
James C. Pettis, California Bar No. 223953
Alfred Shaumyan, California Bar No. 266908
**BRYAN CAVE LLP**
120 Broadway, Suite 300
Santa Monica, California 90401-2386
Telephone: (310) 576-2100
Facsimile: (310) 576-2200
reboone@bryancave.com
james.pettis@bryancave.com
alfred.shaumyan@bryancave.com

Ronald A. McIntire, California Bar No. 127407
Bo W. Kim, California Bar No. 217394
**PERKINS COIE LLP**
188 Century Park E., Suite 1700
Los Angeles, California 90067-1721
Telephone: (310) 788-9900
Facsimile: (310) 788-3399
RMcIntire@perkinscoie.com
BKim@perkinscoie.com

Attorneys for Defendant
THE BOEING COMPANY (individually and as successor by merger to McDonnell Douglas Corporation)

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**GERALD LIVINGSTON**, and **PATRICIA ANN LIVINGSTON**,

Plaintiffs,

vs.

**3M COMPANY**, et al.,

Defendants.

Case No. 2:12-cv-01220-SVW-DTBx

**THE BOEING COMPANY'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

[Fed. R. Civ. P. 12(b)(6)]

[Filed with [Proposed] Order]

Date: April 16, 2012
Time: 1:30 p.m.
Courtroom:6

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on April 16, 2012 at 1:30 p.m., or as soon after that as counsel may be heard in Courtroom 6 of the above-entitled Court, located at 312 North Spring Street, Los Angeles, California, 90012, The Boeing Company (individually and as successor by merger to McDonnell Douglas Corporation) ("Boeing") will move, pursuant to Federal Rule of Civil Procedure 12(b)(6), for an Order dismissing Gerald and Patricia Ann Livingston's Complaint.

This Motion is based on this Notice of Motion and Motion, the attached Memorandum of Points and Authorities, and all pleadings and papers on file in this action, and such other and further matters as the Court may consider.

Pursuant to Local Rule 7-3, the undersigned counsel met and conferred with Plaintiffs' counsel on March 9 and 12, 2012.

Dated: March 14, 2012

Respectfully submitted,

Robert E. Boone III
James C. Pettis
Alfred Shaumyan
**BRYAN CAVE LLP**

By: _/s/ Alfred Shaumyan_
Alfred Shaumyan
Attorneys for Defendant
THE BOEING COMPANY

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

# TABLE OF CONTENTS

PAGE

I. INTRODUCTION. .......... 1

II. PLAINTIFFS' ALLEGATIONS. .......... 1

III. PLAINTIFFS' COMPLAINT FAILS BECAUSE THEY DO NOT PLEAD SPECIFIC FACTS EVIDENCING A CLAIM TO RELIEF AGAINST BOEING. .......... 1

IV. ALL OF PLAINTIFFS' CLAIMS FAIL BECAUSE PLAINTIFFS DO NOT PLEAD ANY FACTS ESTABLISHING THAT MR. LIVINGSTON WAS EXPOSED TO ASBESTOS FROM A BOEING PRODUCT. .......... 1

V. PLAINTIFFS' REQUEST FOR PUNITIVE DAMAGES FAILS BECAUSE IT DOES NOT CONTAIN THE REQUISITE FACTUAL ALLEGATIONS. .......... 1

VI. CONCLUSION .......... 1

# TABLE OF AUTHORITIES

**PAGE**

**CASES**

*Ashcroft v. Iqbal*,
129 S. Ct. 1937 (2009) .......... 3, 5

*Bell Atlantic Corp. v. Twombly*,
550 U.S. 544, 127 S. Ct. 1955 (2007) .......... 2, 3, 5

*Bockrath v. Aldrich Chemical Co., Inc.*,
21 Cal. 4th 71 (1999) .......... 4

*College Hospital, Inc. v. Sup. Ct.*,
8 Cal. 4th 704 (1994) .......... 6

*Cruz v. Homebase*,
83 Cal. App. 4th 160 (2000) .......... 7

*Dipaola v. JPMorgan Chase Bank*,
2011 U.S. Dist. LEXIS 88753 (N.D. Cal. Aug. 10, 2011) .......... 5

*Ebaugh v. Rabkin*,
22 Cal. App. 3d 891 (1972) .......... 6

*G.D. Searle v. Sup. Ct.*,
49 Cal. App. 3d 22 (1975) .......... 6

*Grieves v. Sup. Ct.*,
157 Cal. App. 3d 159 (1984) .......... 6

*Kelley v. Corrections Corporation of America*,
750 F. Supp. 2d 1132 (E.D. Cal. 2011) .......... 5

*Lineaweaver v. Plant Ins.*,
31 Cal. App. 4th 1409 (1995) .......... 4

*Mock v. Miller's Mutual Ins. Co.*,
4 Cal. App. 4th 306 (1992) .......... 6

*Nymark v. Heart Fed. Sav. & Loan Ass'n*,
231 Cal. App. 3d 1089 (1991) .......... 4

*O'Neil v. Crane Co.*,
53 Cal. 4th 335 (2012) .......... 4

*Smith v. Sup. Ct.*,
10 Cal. App. 4th 1033 (1992) .......... 6

*Truong v. Nguyen*,
156 Cal. App. 4th 865 (2007) .......... 3

**STATUTES**

Cal. Civ. Code § 3294(a) .......... 5

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

Cal. Civ. Code § 3294(b) .......... 7

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION.

Gerald and Patricia Ann Livingston claim that Mr. Livingston's injury was caused by exposure to asbestos. Plaintiffs assert claims for negligence and strict products liability against The Boeing Company.

First, Plaintiffs' claims against The Boeing Company fail because Plaintiffs do not plead any facts evidencing that Mr. Livingston was exposed to asbestos from any specific Boeing product. Under federal pleadings standards and the underlying California law, without identifying a specific Boeing product and how he was exposed to asbestos from that product, Plaintiffs cannot state a claim against Boeing. Because Plaintiffs' Complaint fails to identify a specific Boeing product and facts evidencing exposure to asbestos from that product, the Court should dismiss Plaintiffs' Complaint against Boeing.

Second, without the requisite factual allegations, Plaintiffs improperly seek punitive damages against Boeing. Plaintiffs must support their request for punitive damages with specific factual allegations evidencing oppression, fraud, or malice. Plaintiffs' boilerplate Complaint, however, does not contain any such factual allegations. Boeing therefore requests that the Court dismiss Plaintiffs' request for punitive damages.

For these reasons, the Court should grant Boeing's Motion to Dismiss without leave to amend.

## II. PLAINTIFFS' ALLEGATIONS.

Plaintiffs allege that Mr. Livingston's mesothelioma was caused by his exposure to asbestos from products designed, manufactured, or supplied by various defendants, including Boeing. (Complaint ¶ 1.) Based on his alleged exposure to asbestos, Plaintiffs' Complaint asserts causes of action for negligence, strict products liability, conspiracy, premises liability and loss of consortium. (*See generally* Complaint.)

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

Plaintiffs' threadbare causes of action, however, merely contain conclusory allegations without any factual support. (*Id.*) Plaintiffs broadly allege that Boeing is "being sued for Boeing and McDonnell Douglas aircraft." (Complaint ¶ 10.) Plaintiffs then go on to allege that Mr. Livingston was exposed to asbestos from aircraft in the United States Air Force from 1952 to 1961 and as an electrician from 1978 to 1992. (Complaint ¶ 37.) Plaintiffs do not identify any specific aircraft nor provide any factual allegations regarding the type of work that Mr. Livingston purportedly performed on aircraft.

While Plaintiffs' Complaint does not contain any specific facts regarding Boeing, Plaintiffs boldly request punitive damages. (Complaint ¶¶ 50; Prayer ¶ 4.) In support for their punitive damages request, Plaintiffs allege:

> Defendants' actions, as stated herein, also constituted a conscious and flagrant disregard of the rights and safety of plaintiff GERALD LIVINGSTON and engaging in such actions, defendants acted with the necessary malice, fraud, and oppression that justifies holding them liable for punitive damages.

(Complaint ¶ 50.)

Plaintiffs' Complaint is devoid of any factual allegations regarding Boeing's conduct or products, much less facts evidencing "conscious and flagrant disregard of the rights and safety of plaintiff."

## III. PLAINTIFFS' COMPLAINT FAILS BECAUSE THEY DO NOT PLEAD SPECIFIC FACTS EVIDENCING A CLAIM TO RELIEF AGAINST BOEING.

A complaint that includes only vague or nonspecific allegations of harm is insufficient to state a claim. The United States Supreme Court has observed that Federal Rule of Civil Procedure 8 requires a plaintiff to allege "enough facts to state a claim for relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1964-65 (2007). The Court explained:

> [A] plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of actions will not do. … Factual

Bryan Cave LLP
120 Broadway, Suite 300
Santa Monica, California 90401-2386

allegations must be enough to raise a right to relief above the speculative level.

*Id.* (internal citations omitted).

As indicated by the Supreme Court in *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009), courts should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." 129 S. Ct. at 1940. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* The court should then "assume [the] veracity" of any remaining well-pleaded factual allegations and, finally, "determine whether [the allegations] plausibly give rise to an entitlement to relief." *Id.* at 1941. Under the standard set forth in *Iqbal*, a plaintiff must allege "more than unadorned, the-defendant-unlawfully-harmed-me accusation[s]." *Id.* at 1949. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

Throughout Plaintiffs' Complaint, allegations are made in a conclusory manner and without the requisite specificity required by the Supreme Court in *Iqbal*. (*See generally* Complaint.) The Complaint includes claim after claim without sufficient facts relating the circumstances of Plaintiffs' case to the causes of action claimed. Plaintiffs' Complaint therefore fails to meet the basic pleading standards and should be dismissed for failure to state a claim.

## IV. ALL OF PLAINTIFFS' CLAIMS FAIL BECAUSE PLAINTIFFS DO NOT PLEAD ANY FACTS ESTABLISHING THAT MR. LIVINGSTON WAS EXPOSED TO ASBESTOS FROM A BOEING PRODUCT.

Plaintiffs assert claims for negligence and strict products liability against Boeing. "[T]o recover on a theory of negligence, Plaintiffs must prove duty, breach, causation, and damages." *Truong v. Nguyen*, 156 Cal. App. 4th 865, 875 (2007). "The existence of a duty of care owed by a defendant to a plaintiff is a prerequisite to establishing a claim for negligence." *Nymark v. Heart Fed. Sav. & Loan Ass'n*, 231 Cal. App. 3d 1089, 1095

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

(1991). A defendant does not owe a duty of care to a plaintiff for injuries that were caused by products defendant did not design, manufacture, or supply. *O'Neil v. Crane Co.*, 53 Cal. 4th 335, 363-367 (2012). Likewise, "strict products liability in California has always been premised on harm caused by deficiencies in the defendant's own product." *Id.* at 348. Accordingly, to state a claim against Boeing, Plaintiffs must plead facts evidencing that Mr. Livingston was exposed to asbestos from a specific product designed, manufactured, or supplied by Boeing.

Moreover, Plaintiffs must also allege specific facts showing that exposure to asbestos from the Boeing product was a substantial factor in causing Mr. Livingston's injury. *Rutherford v. Owens-Illinois, Inc.*, 16 Cal. 4th 953, 968 (1997). "In the context of a cause of action for asbestos-related latent injuries, the plaintiff must first establish some threshold *exposure* to the defendant's defective asbestos-containing product . . . ." *Id.* at 982 (emphasis in original). In assessing whether asbestos exposure from a defendant's product was a "substantial factor," the "[f]requency of exposure, regularity of exposure, and proximity of the asbestos product to the plaintiff should be considered." *Lineaweaver v. Plant Ins.*, 31 Cal. App. 4th 1409, 1416 (1995). Plaintiffs must therefore plead specific facts evidencing the frequency, regularity, and proximity of exposure to a Boeing product. *See Bockrath v. Aldrich Chemical Co., Inc.*, 21 Cal. 4th 71, 78 (1999) (when "pleaded facts of negligence and injury do not naturally give rise to an inference of causation, the plaintiff must plead specific facts affording an inference the one caused the others").

Here, Plaintiffs' claims against Boeing fail because they do not plead any facts evidencing that Mr. Livingston was exposed to asbestos from a specific Boeing product. <u>First</u>, Plaintiffs do not identify any specific asbestos-containing Boeing product. Instead, Plaintiffs broadly claim that Boeing is "being sued for Boeing and McDonnell Douglas aircraft." <u>Second</u>, Plaintiffs do not plead any facts indicating that Plaintiff worked with or around specific Boeing products with frequency, regularity, and in close proximity to establish causation. Plaintiffs instead merely allege that Mr.

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

Livingston was exposed to asbestos while in the United States Air Force from 1952 to 1961 and as an electrician from 1978 to 1992. These allegations, however, are insufficient because, under the law cited above, Plaintiffs must identify a specific asbestos-containing Boeing product and plead facts evidencing that Mr. Livingston was exposed to that product with frequency, regularity and in close proximity in order to state a claim against Boeing. Without identifying a specific asbestos-containing Boeing product or how Mr. Livingston was exposed to asbestos from that product, Plaintiffs fail "to raise a right to relief above the speculative level" and their claims therefore fail. *Twombly*, 127 S. Ct. at 1964-65; *Iqbal*, 129 S. Ct. at 140-49.

## V. PLAINTIFFS' REQUEST FOR PUNITIVE DAMAGES FAILS BECAUSE IT DOES NOT CONTAIN THE REQUISITE FACTUAL ALLEGATIONS.

"[P]unitive damages are never awarded as a matter of right, are disfavored by the law, and should be granted with the greatest of caution and only in the clearest of cases." *Kelley v. Corrections Corporation of America*, 750 F. Supp. 2d 1132, 1147 (E.D. Cal. 2011). To recover punitive damages, a plaintiff must allege "that the defendant has been guilty of oppression, fraud, or malice." Cal. Civ. Code § 3294(a).

Federal pleading standards govern the pleading requirements for Plaintiffs' punitive damages requests. *Kelley*, 750 F. Supp. 2d at 1147 ("The court will apply the standards set forth in Twombly and Iqbal to Plaintiff's claims for punitive damages."). "[T]he pleading standards set forth in Twombly and Iqbal more closely approximate standards that are well established in California law" for pleading punitive damages. *Id.* It is therefore axiomatic, under both the federal and California pleading standards, that specific factual allegations are required to support a punitive damages claim. *Id.* at 1147-1148 (dismissing plaintiff's claims for punitive damages because they were "nothing more than conclusory allegations … unsupported by allegation of any facts."); *Dipaola v. JPMorgan Chase Bank*, 2011 U.S. Dist. LEXIS 88753, *15 (N.D. Cal. Aug. 10, 2011) ("The Court DISMISSES the request for punitive damages. If plaintiffs amend

the complaint and wish to seek punitive damages, the complaint must include factual allegations in support of such relief, and plaintiffs may not simply include conclusory allegations of fraud, malice or oppression."); *Grieves v. Sup. Ct.*, 157 Cal. App. 3d 159, 166 (1984) ("[t]he mere allegation an intentional tort was committed is not sufficient to warrant an award of punitive damages. Not only must there be circumstances of oppression, fraud or malice, but facts must be alleged in the pleading to support such a claim").

The threshold requirement for pleading malice is a showing of "evil motive" which "is the central element of the malice which justifies an exemplary award." *G.D. Searle v. Sup. Ct.*, 49 Cal. App. 3d 22, 29-30 (1975). A showing of oppression requires allegations of "conduct so vile, base, contemptible, miserable, wretched, or loathsome that it would be looked down upon and despised by ordinary decent people." *Mock v. Miller's Mutual Ins. Co.*, 4 Cal. App. 4th 306, 331 (1992). Further, the California Supreme Court held that the 1987 amendment to California Civil Code section 3294, requiring a showing of "despicable conduct," represents "a new substantive limitation on punitive damage awards." *College Hospital, Inc. v. Sup. Ct.*, 8 Cal. 4th 704, 725 (1994). Significantly, a conclusory characterization of a defendant's conduct as oppressive, malicious and fraudulent, is patently insufficient to support a claim for punitive damages. *See Smith v. Sup. Ct.*, 10 Cal. App. 4th 1033, 1042 (1992). "When a defendant must produce evidence in defense of an exemplary damage claim; fairness demands that he receive adequate notice of the kind of conduct charged against him." *G.D. Searle & Co.*, 49 Cal. App. 3d at 29. Moreover, it is long-settled law that "mere negligence, even gross negligence is not sufficient to justify an award of punitive damages." *Ebaugh v. Rabkin*, 22 Cal. App. 3d 891, 894 (1972) (emphasis in original)

Further, corporations are legal entities that do not have minds capable of recklessness, wickedness or intent to injure. Therefore, an award of punitive damages against a corporation must rest on the malice of its employees; however, the law does not impute such malice to the corporation. *Cruz v. Homebase*, 83 Cal. App. 4th 160, 167

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

(2000). Instead, the punitive damages statute requires proof of advance knowledge, ratification, or act of oppression, fraud or malice on the part of an officer, director, or managing agent of the corporation. *Id.*; Cal. Civ. Code § 3294(b).

Here, Plaintiffs fail to provide any of the essential allegations tending to demonstrate or evidence that Boeing acted with "malice, oppression or fraud." Nor do Plaintiffs provide any other substantive factual allegations sufficient to state a claim for punitive damages. Plaintiffs merely allege in generic and boilerplate fashion that they are entitled to punitive damages and that Boeing's conduct was somehow malicious or oppressive. But, Plaintiffs provide no factual support for these contentions, which are no more than legal conclusions. Plaintiffs likewise plead no facts to suggest that Boeing harbored ill-will toward them, or acted in a manner sufficient to justify an award of punitive damages. In short, the Complaint fails to sufficiently allege facts showing malicious, oppressive, or fraudulent conduct on the part of Boeing, and accordingly, Plaintiffs' self-serving allegations and demand for punitive damages should be dismissed in their entirety.

The Complaint also omits essential facts evidencing that Boeing had advance knowledge or ratified any fraud or malice on the part of an officer, director, or managing agent of Boeing. This is a critical failure on Plaintiffs' part because, in order to state a proper claim of punitive damages against corporate entities like Boeing, Plaintiff must specifically allege whether and how the company consented or ratified fraud committed by one or more of its employees. *Cruz*, 83 Cal. App. 4th at 167. Therefore, on this ground alone, Plaintiffs' request for punitive damages should be dismissed.

///

///

///

///

///

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

## VI. CONCLUSION

For the foregoing reasons, Boeing respectfully requests that the Court grant this Motion and dismiss Plaintiffs' claims and requests for punitive damages against Boeing.

Dated: March 14, 2012

Respectfully submitted,

Robert E. Boone III
James C. Pettis
Alfred Shaumyan
**BRYAN CAVE LLP**

By: /s/ *Alfred Shaumyan*
Alfred Shaumyan
Attorneys for Defendant
THE BOEING COMPANY

**CERTIFICATE OF SERVICE**

I am employed in the County of Los Angeles , State of California. I am over the age of 18 and not a party to the within action. My business address is 120 Broadway, Suite 300, Santa Monica, CA 90401.

On March 14, 2012, I served the foregoing document, described as **THE BOEING COMPANY'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** on each interested party in this action, as follows:

☒ (VIA ELECTRONIC SERVICE) The document was served via The United States District Court of California – Central District's CM/ECF electronic transfer system which generates a Notice of Electronic Filing (NEF) upon the parties, the assigned judge and any registered user in the case. Each transmission was reported as complete and without error.

☐ (BY MAIL) I placed a true copy of the foregoing document in a sealed envelope addressed to each interested party as set forth above. I placed each such envelope, with postage thereon fully prepaid, for collection and mailing at Bryan Cave LLP, Santa Monica, California. I am readily familiar with Bryan Cave LLP's practice for collection and processing of correspondence for mailing with the United States Postal Service. Under that practice, the correspondence would be deposited in the United States Postal Service on that same day in the ordinary course of business.

☐ (BY EXPRESS CARRIER) I deposited in a box or other facility maintained by FedEx, Overnite Express or other express carrier service, or delivered to a courier or driver authorized by said express carrier service to receive documents, a true copy of the foregoing document, in an envelope designated by said express service carrier, for overnight delivery, with delivery fees paid or provided for. [To the designated parties noted on the service list.]

☐ (BY FAX) I caused a true copy of the foregoing document to be served by facsimile transmission at the time shown on each attached transmission report from sending facsimile machine telephone number (310) 576-2200 to each interested party at the facsimile number shown above. Each transmission was reported as complete and without error. A transmission report was properly issued by the sending facsimile machine for each interested party served. A true copy of each such transmission report is attached hereto.

Executed on March 14, 2012, at Santa Monica, California.

I certify under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

*/s/ Jenny Cruz*
Jenny Cruz

Bryan Cave LLP
120 Broadway, Suite 300
Santa Monica, California 90401-2386