Robert E. Boone III, California Bar No. 132780
James C. Pettis, California Bar No. 223953
Alfred Shaumyan, California Bar No. 266908
**BRYAN CAVE LLP**
120 Broadway, Suite 300
Santa Monica, California 90401-2386
Telephone:   (310) 576-2100
Facsimile:   (310) 576-2200
reboone@bryancave.com
james.pettis@bryancave.com
alfred.shaumyan@bryancave.com

Ronald A. McIntire, California Bar No. 127407
Bo W. Kim, California Bar No.  217394
**PERKINS COIE LLP**
188 Century Park E., Suite 1700
Los Angeles, California 90067-1721
Telephone:   (310) 788-9900
Facsimile:   (310) 788-3399
RMcIntire@perkinscoie.com
BKim@perkinscoie.com

Attorneys for Defendant
THE BOEING COMPANY (individually and as successor by
merger to McDonnell Douglas Corporation)

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **GERALD LIVINGSTON** and **PATRICIA ANN LIVINGSTON**, | Case No. 2:12-cv-01220-SVW-DTBx |
| Plaintiffs, | **THE BOEING COMPANY'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFFS' COMPLAINT** |
| vs. | |
| **3M COMPANY**, et al., | |
| Defendants. | Date:        April 16, 2012<br>Time:        1:30 p.m.<br>Courtroom:6 |

SM01DOCS\894396.3

1

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

1

**TABLE OF CONTENTS**

2

**Page**

3    I.    INTRODUCTION. ...............................................................................................1

4    II.   ALL OF PLAINTIFFS' CLAIMS FAIL BECAUSE PLAINTIFFS DO
           NOT PLEAD ANY FACTS ESTABLISHING THAT MR.
5          LIVINGSTON WAS EXPOSED TO ASBESTOS FROM A
           BOEING PRODUCT. ..........................................................................................2

6
           A.    Plaintiffs' Threadbare Complaint Fails to State A Plausible Claim
7                Against Boeing. .........................................................................................2

8          B.    Plaintiffs' Reliance on the Cases Cited in Their Opposition is
                 Misplaced. .................................................................................................5

9
     III.  PLAINTIFFS' REQUEST FOR PUNITIVE DAMAGES FAILS
10         BECAUSE IT DOES NOT CONTAIN THE REQUISITE
           FACTUAL ALLEGATIONS.................................................................................7

11
           A.    Plaintiffs Fail to Plead Facts Demonstrating that Boeing Acted
12               with Malice, Oppression, or Fraud. .........................................................7

13         B.    Plaintiffs Fail to Plead Facts Demonstrating that Boeing Ratified
                 An Act of Oppression, Fraud, or Malice on the Part of An
14               Officer, Director, or Managing Agent of the Corporation....................... 10

15   IV.   CONCLUSION ................................................................................................. 11

16

17

18

19

20

21

22

23

24

25

26

27

28

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

# TABLE OF AUTHORITIES

**Page**

## CASES

*Ashcroft v. Iqbal,*
  556 U.S. 662, 129 S. Ct. 1937 (2009)...................................................................... 4

*Barlanda v. A.W. Chesterton Co.,*
  2011 WL 2214010 (N.D. Ill. Jun. 7, 2011) ............................................................ 3

*Bausch v. Stryker Corp.,*
  630 F.3d 546 (7th Cir. 2010)................................................................................. 6

*Bell Atlantic Corp. v. Twombly,*
  550 U.S. 544, 127 S. Ct. 1955 (2007) ................................................................... 4

*Bockrath v. Aldrich Chemical Co., Inc.,*
  21 Cal. 4th 71 (1999)............................................................................................ 3

*Children's Television, Inc. v. General Foods Corp.,*
  35 Cal. 3d 197 (1983) ......................................................................................... 10

*Coene v. 3M Company,*
  2011 WL 3555788 (W.D. N.Y. 2011) .................................................................. 6

*Coleman v. Boston Scientific Corporation,*
  2011 WL 1532477 (E.D. Cal. Aug. 20, 2011) ................................................. 5, 6

*College Hospital, Inc. v. Sup. Ct.,*
  8 Cal. 4th 704 (1994)...................................................................................... 7, 8, 9

*Cruz v. Homebase,*
  83 Cal. App. 4th 160 (2000) ............................................................................... 11

*G.D. Searle v. Sup. Ct.,*
  49 Cal. App. 3d 22 (1975) ................................................................................ 7, 8

*Grieves v. Sup. Ct.,*
  157 Cal. App. 3d 159 (1984) ................................................................................ 8

*Kiseskey v. Carpenters' Trust for Southern Calif.,*
  144 Cal. App. 3d 222 (1983) ............................................................................ 8, 9

*Lineaweaver v. Plant Ins.,*
  31 Cal. App. 4th 1409 (1995) ............................................................................... 3

*Mock v. Miller's Mutual Ins. Co.,*
  4 Cal. App. 4th 306 (1992).................................................................................... 7

*Monge v. Superior Court,*
  176 Cal. App. 3d 503 (1986)............................................................................. 8, 9

*Nymark v. Heart Fed. Sav. & Loan Ass'n,*
  231 Cal. App. 3d 1089 (1991)............................................................................... 2

THE BOEING COMPANY'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS

*O'Neil v. Crane Co.*,
  53 Cal. 4th 335 (2012)..................................................................................2

*Rutherford v. Owens-Illinois, Inc.*,
  16 Cal. 4th 953 (1997)..................................................................................2

*SKF Farms v. Sup. Ct.*,
  153 Cal. App. 3d 902 (1984)........................................................................8

*Smith v. Sup. Ct.*,
  10 Cal. App. 4th 1033 (1992) ......................................................................7

*Taylor v. Sup. Ct.*,
  24 Cal. 3d 890 (1979)...............................................................................8, 9

*Truong v. Nguyen*,
  156 Cal. App. 4th 865 (2007) ......................................................................2

*Unruh v. Truck Ins. Exchange*,
  7 Cal. 3d 616 (1972)................................................................................8, 9

*West v. Johnson & Johnson Products, Inc.*,
  174 Cal. App. 3d 831 (1985)......................................................................10

## STATUTES

Cal. Civ. Code § 3294 ...................................................................................8, 9

Cal. Civ. Code § 3294(b) ................................................................................11

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

THE BOEING COMPANY'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA  90401-2386

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION.

Plaintiffs' Opposition to The Boeing Company's Motion to Dismiss fails to adequately address the pleading deficiencies raised in Boeing's Motion.

First, pursuant to federal pleadings standards and the underlying California law, Plaintiffs cannot plausibly state a claim against Boeing without pleading facts identifying a specific Boeing product and how Plaintiff was allegedly exposed to asbestos from that product.  In their Opposition, Plaintiffs argue that they have met the pleading standards by merely alleging that Mr. Livingston was exposed to asbestos "as an aircraft electrician in the U.S. Air Force between 1952 and 1963."  (Opp. at 2:3-4.)  This simple allegation does not meet the pleading standards articulated in *Iqbal* and *Twombly* because it fails to allege facts indicating that Mr. Livingston worked with or around a specific Boeing aircraft.  Moreover, Plaintiffs' Complaint against Boeing is not limited to Mr. Livingston's work while in the U.S. Air Force, as Plaintiffs disingenuously argue in their Opposition.  Plaintiffs also allege that Mr. Livingston "was exposed to asbestos while employed as a general electrician and <u>aircraft electrician</u> from 1978 to 1992."  (Compl. ¶ 37c (emphasis added).)  Plaintiffs, however, do not identify any specific aircraft nor provide any factual allegations regarding the type of work that Mr. Livingston purportedly performed on aircraft during these 23 years.  Consequently, Plaintiffs cannot plausibly state a claim against Boeing and the Motion should be granted.

Second, without the requisite factual allegations, Plaintiffs improperly seek punitive damages against Boeing.  Plaintiffs must support their request for punitive damages with specific factual allegations evidencing oppression, fraud, or malice.  Plaintiffs' boilerplate Complaint, however, does not contain any such factual allegations.  Plaintiffs' Opposition does nothing to refute these points.  Indeed, Plaintiffs merely regurgitate the same insufficient allegations from the Complaint and allege that they are entitled to punitive damages because they have allegedly properly

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

1    pleaded a tort claim.  Plaintiffs, however, cite to outdated and inapplicable law in

2    support of their arguments.  Plaintiffs also do not mention, much less distinguish, the

3    law cited in Boeing's Motion.  Boeing therefore requests that the Court dismiss

4    Plaintiffs' request for punitive damages.

5            For these reasons, the Court should grant Boeing's Motion to Dismiss.

6    **II.    ALL OF PLAINTIFFS' CLAIMS FAIL BECAUSE PLAINTIFFS DO**

7            **NOT PLEAD ANY FACTS ESTABLISHING THAT MR.**

8            **LIVINGSTON WAS EXPOSED TO ASBESTOS FROM A BOEING**

9            **PRODUCT.**

10           **A.    Plaintiffs' Threadbare Complaint Fails to State A Plausible Claim**

11                  **Against Boeing.**

12           Plaintiffs assert claims for negligence and strict products liability against Boeing.

13   "[T]o recover on a theory of negligence, Plaintiffs must prove duty, breach, causation,

14   and damages." *Truong v. Nguyen*, 156 Cal. App. 4th 865, 875 (2007).  "The existence of

15   a duty of care owed by a defendant to a plaintiff is a prerequisite to establishing a claim

16   for negligence." *Nymark v. Heart Fed. Sav. & Loan Ass'n*, 231 Cal. App. 3d 1089, 1095

17   (1991).  A defendant does not owe a duty of care to a plaintiff for injuries that were

18   caused by products defendant did not design, manufacture, or supply.  *O'Neil v. Crane*

19   *Co.*, 53 Cal. 4th 335, 363-367 (2012).  Likewise, "strict products liability in California

20   has always been premised on harm caused by deficiencies in the defendant's own

21   product." *Id.* at 348.  Accordingly, to state a claim against Boeing, Plaintiffs must plead

22   facts evidencing that Mr. Livingston was exposed to asbestos from a specific product

23   designed, manufactured, or supplied by Boeing.

24           Moreover, Plaintiffs must also allege specific facts showing that exposure to

25   asbestos from the Boeing product was a substantial factor in causing Mr. Livingston's

26   injury.  *Rutherford v. Owens-Illinois, Inc.*, 16 Cal. 4th 953, 968 (1997).  "In the context of a

27   cause of action for asbestos-related latent injuries, the plaintiff must first establish some

28   threshold *exposure* to the defendant's defective asbestos-containing product . . . ." *Id.* at

SM01DOCS\894396.3                         2

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA  90401-2386

982 (emphasis in original).  In assessing whether asbestos exposure from a defendant's product was a "substantial factor," the "[f]requency of exposure, regularity of exposure, and proximity of the asbestos product to the plaintiff should be considered." *Lineaweaver v. Plant Ins.*, 31 Cal. App. 4th 1409, 1416 (1995).   Plaintiffs must therefore plead specific facts evidencing the frequency, regularity, and proximity of exposure to a Boeing product.  *See Bockrath v. Aldrich Chemical Co., Inc.*, 21 Cal. 4th 71, 78 (1999) (when "pleaded facts of negligence and injury do not naturally give rise to an inference of causation, the plaintiff must plead specific facts affording an inference the one caused the others"); *Barlanda v. A.W. Chesterton Co.*, 2011 WL 2214010, *2 (N.D. Ill. Jun. 7, 2011) (dismissing a complaint because the complaint made "no reference to the identity of the asbestos products and/or asbestos equipment that [defendant] sold, manufactured, mined, distributed, packaged, installed, or otherwise placed into commerce.").

Here, Plaintiffs' claims against Boeing fail because they do not plead any facts evidencing that Mr. Livingston was exposed to asbestos from a specific Boeing product.  First, Plaintiffs do not identify any specific asbestos-containing Boeing product.  Instead, Plaintiffs broadly claim that Boeing is "being sued for Boeing and McDonnell Douglas aircraft."  (Complaint ¶ 10.)  Second, Plaintiffs do not plead any facts indicating that Mr. Livingston worked with or around specific Boeing products with frequency, regularity, and in close proximity to establish causation.  Plaintiffs instead merely allege that Mr. Livingston was exposed to asbestos while in the U.S. Air Force from 1952 to 1961 and as an electrician from 1978 to 1992.  These allegations, however, are insufficient because, under the law cited above, Plaintiffs must identify a specific asbestos-containing Boeing product and plead facts evidencing that Mr. Livingston was exposed to that product with frequency, regularity and in close proximity in order to state a claim against Boeing.  Without identifying a specific asbestos-containing Boeing product or how Mr. Livingston was exposed to asbestos from that product, Plaintiffs fail "to raise a right to relief above the speculative level"

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA  90401-2386

1    and their claims therefore fail.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct.

2    1955, 1964-65 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1940-49 (2009).

3    Indeed, Plaintiffs boilerplate allegations are precisely the type of vague, "defendant-

4    unlawfully-harmed me accusation[s]," that the Supreme Court condemned in *Iqbal*.  129

5    S. Ct. at 1949.  The Court should therefore grant the Motion.

6          In their Opposition, Plaintiffs do not distinguish the law cited above or argue

7    that it is inapplicable.  Instead, Plaintiffs argue that their barebones Complaint satisfies

8    the pleading requirements because they allege that Mr. Livingston was exposed to

9    asbestos while working in the U.S. Air Force from 1952 to 1963.  (Opp. at 5:1-11.)

10   Plaintiffs argue that this simple fact is enough to state a claim against Boeing because

11   Boeing knows what type of aircraft it sold to the U.S. Air Force in the 1950s and 60s

12   and whether the aircraft contained asbestos.  (Opp. at 6:9-17.)  Plaintiffs, however, do

13   not cite to any controlling authority in support of their argument.  Nor can they,

14   because to state a viable claim against Boeing, Plaintiffs, pursuant to the underlying

15   California law cited above and *Iqbal*, must state specific facts indicating how Mr.

16   Livingston was exposed to asbestos from a specific Boeing product.  Moreover, it is

17   irrelevant whether Boeing sold aircraft to the U.S. Air Force in the 1950s and 60s

18   because to state a viable claim against Boeing, Mr. Livingston must have worked on or

19   around a specific aircraft.  Indeed, unless Plaintiffs know exactly which aircraft Mr.

20   Livingston worked on and what type of work he performed, they do not have a

21   plausible claim against Boeing.

22          Even assuming, *arguendo*, that merely alleging that Mr. Livingston was exposed

23   to asbestos while in the U.S. Air Force was enough to state a claim against Boeing,

24   which it is not, Plaintiffs' Complaint against Boeing is not limited to this allegation.  In

25   addition to the U.S. Air Force employment, Plaintiffs also claim that Mr. Livingston

26   was exposed to asbestos as an electrician from 1978 to 1992.  Plaintiffs do not identify

27   an employer, location, specific product, or the type of work performed during these 14

28   years.  Plaintiffs do not mention this allegation in the Opposition because it would

1  undercut their argument.  Plaintiffs have decided to avoid this allegation in their

2  Opposition because they cannot possibly argue that it is sufficient to state a plausible

3  clam against Boeing.  Plaintiffs have therefore tacitly conceded that their Complaint

4  fails and the Motion should be granted.

5          **B.       Plaintiffs' Reliance on the Cases Cited in Their Opposition is**

6                  **Misplaced.**

7          First, Plaintiffs rely heavily on *Coleman v. Boston Scientific Corporation*, 2011 WL

8  1532477 (E.D. Cal. Aug. 20, 2011), for the notion that they do not have to plead facts

9  evidencing Mr. Livingston's work on a specific Boeing product.  (Opp. at 5:14-24.)

10 *Coleman*, however, **granted defendant's motion to dismiss in its entirety**.  *Id.* at *9.

11 In granting defendant's motion to dismiss, the *Coleman* court found that plaintiffs'

12 complaint contained "ambiguities" because plaintiffs failed to allege "when, where, and

13 why a procedure was performed."  *Id.* at *5.  Likewise, here, Plaintiffs do not allege

14 when, where, and how Mr. Livingston was exposed to asbestos from Boeing products

15 during the 23 years he allegedly worked on aircraft.  Moreover, while plaintiffs

16 complaint in *Coleman* did not identify a specific product or when, where, and why a

17 procedure was performed, it provided information that helped identify the specific

18 product, such as information "regarding the types of surgical procedures [plaintiffs]

19 underwent, as well as a detailed technical description of the devices that injured them"

20 and alleged that defendant obtained FDA approval for a specific type of device.  *Id.*

21 Yet, even with these allegations, the *Coleman* court granted defendant's motion to

22 dismiss.  Plaintiffs' Complaint here contains no such information to help identify the

23 aircraft that may be at issue in this action.  Therefore, based on the case law relied upon

24 by Plaintiffs, this Court should grant Boeing's Motion.

25

26

27

28

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

1    Second, Plaintiffs' reliance on cases dealing with discrete medical devices is

2    misplaced because asbestos cases are vastly different than those cases.[1]   As noted by

3    the *Coleman* court, "[p]leading defective medical devise claims is difficult, and discovery

4    is often necessary before a plaintiff can fairly be expected to provide specific details."

5    *Id.* It is difficult for plaintiffs to identify specific medical devises at the pleading stage

6    because plaintiffs "are not always in a position to know [what product] was placed

7    inside of them while they were anesthetized.  Rather, manufacturers are in a better

8    position to ascertain which of their devises was likely used in a given procedure…." *Id.*

9    Here, only Mr. Livingston knows which aircraft he worked with or around and the

10   specific type of work that he performed.  Unlike discrete medical device cases, no

11   amount of discovery can give Plaintiffs these essential facts.  Plaintiffs therefore cannot

12   rely on cases dealing with such products to support their Opposition.

13       Finally, Plaintiffs reliance on *Coene v. 3M Company*, 2011 WL 3555788 (W.D. N.Y.

14   2011), is also misplaced because in that case the complaint explained "the factual

15   grounds for the claims, which [was] that between January 1992 and February 2002,

16   [plaintiff] performed manufacturing work for Eastman Kodak, during which time he

17   breathed in silica dust given off by powder coating products manufactured by"

18   defendants. *Id.* at *3.  Here, in addition to the work in the U.S. Air Force, Plaintiffs

19   merely allege that Mr. Livingston was exposed to asbestos while working as an

20   electrician from 1978 to 1992.  Plaintiffs claims are therefore not limited to a single

21   worksite, *e.g.* Eastman Kodak, or a single task, *e.g.* manufacturing.  Plaintiffs' claims

22   therefore do not even satisfy the liberal pleading standard set out in *Coene*.

23       In short, the Court should grant the Motion because Plaintiffs' Complaint fails

24   to plead facts evidencing that Mr. Livingston was exposed to asbestos from any Boeing

25   product and none of the cases cited in Plaintiffs' Opposition excuses this deficiency.

26   _____
[1] Most of the cases cited by Plaintiffs for the notion that they do not have to identify a
27   specific product deal with discrete medical devices. *Bausch v. Stryker Corp.*, 630 F.3d 546
(7th Cir. 2010) (dealing with a hip replacement system); *Coleman*, 2011 WL 1532477 at
28   *1 (dealing with vaginal mesh devices).

SM01DOCS\894396.3                              6

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

## III.   PLAINTIFFS' REQUEST FOR PUNITIVE DAMAGES FAILS BECAUSE IT DOES NOT CONTAIN THE REQUISITE FACTUAL ALLEGATIONS.

### A.   Plaintiffs Fail to Plead Facts Demonstrating that Boeing Acted with Malice, Oppression, or Fraud.

The threshold requirement for pleading malice is a showing of "evil motive" which "is the central element of the malice which justifies an exemplary award." *G.D. Searle v. Sup. Ct.*, 49 Cal. App. 3d 22, 29-30 (1975).  A showing of oppression requires allegations of "conduct so vile, base, contemptible, miserable, wretched, or loathsome that it would be looked down upon and despised by ordinary decent people." *Mock v. Miller's Mutual Ins. Co.*, 4 Cal. App. 4th 306, 331 (1992).  Further, the California Supreme Court held that the 1987 amendment to California Civil Code section 3294, requiring a showing of "despicable conduct," represents "a new substantive limitation on punitive damage awards." *College Hospital, Inc. v. Sup. Ct.*, 8 Cal. 4th 704, 725 (1994).  Significantly, a conclusory characterization of a defendant's conduct as oppressive, malicious and fraudulent, is patently insufficient to support a claim for punitive damages.  *See Smith v. Sup. Ct.*, 10 Cal. App. 4th 1033, 1042 (1992).

Here, Plaintiffs merely allege in generic and boilerplate fashion that they are entitled to punitive damages and that Boeing's conduct was somehow malicious or oppressive.  But, Plaintiffs provide no factual support for these contentions, which are no more than legal conclusions.  Plaintiffs likewise plead no facts to suggest that Boeing harbored ill-will toward them, or acted in a manner sufficient to justify an award of punitive damages.  In short, the Complaint fails to sufficiently allege facts showing malicious, oppressive, or fraudulent conduct on the part of Boeing, and accordingly, Plaintiffs' self-serving allegations and demand for punitive damages should be dismissed in their entirety.

In an attempt to address this glaring deficiency, Plaintiffs' Opposition argues that they have alleged sufficient facts to state a claim for punitive damages because they

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

1  have alleged that Boeing "knew or should have known that asbestos fibers … had a

2  toxic … effect upon the persons inhaling them," but Boeing "nevertheless included

3  asbestos in its products." (Opp. at 3:8-12.)  These allegations, however, fail to state a

4  claim for punitive damages against Boeing because merely alleging that a tort has

5  occurred is insufficient for punitive damages. *Grieves v. Sup. Ct.*, 157 Cal. App. 3d 159,

6  166 (1984) ("[t]he mere allegation an intentional tort was committed is not sufficient to

7  warrant an award of punitive damages.  Not only must there be circumstances of

8  oppression, fraud or malice, but facts must be alleged in the pleading to support such a

9  claim").  Further, none of these allegations are specific to Boeing.  Instead, Plaintiffs

10  simply refer to "Defendants."  "When a defendant must produce evidence in defense

11  of an exemplary damage claim; fairness demands that he receive adequate notice of the

12  kind of conduct charged against him." *G.D. Searle & Co.*, 49 Cal. App. 3d at 29.

13  Boeing cannot possibly receive adequate notice of conduct charged against it when

14  none of the allegations specifically refer to Boeing's conduct.

15  Moreover, Plaintiffs argue that the above allegations are sufficient because "the

16  law regarding punitive damages at the pleading state is clear – an allegation that a

17  defendant acted willfully and knowingly, and that the defendant's conduct was

18  oppressive and malicious – is sufficient to plead a claim for punitives." (Opp. at 8:8-

19  11.)  The whole slew of cases cited by Plaintiffs, however, are inapplicable because they

20  were all decided before the 1987 amendment to California Civil Code section 3294. *See*

21  *Unruh v. Truck Ins. Exchange*, 7 Cal. 3d 616, (**1972**); *Taylor v. Sup. Ct.*, 24 Cal. 3d 890,

22  (**1979**); *Kiseskey v. Carpenters' Trust for Southern Calif.*, 144 Cal. App. 3d 222, (**1983**); *SKF*

23  *Farms v. Sup. Ct.*, 153 Cal. App. 3d 902, (**1984**); *Monge v. Superior Court*, 176 Cal. App. 3d

24  503, (**1986**).  As held by the California Supreme Court, the 1987 amendment to

25  California Civil Code section 3294, requiring a showing of "despicable conduct,"

26  represents "a new substantive limitation on punitive damage awards." *College Hospital*, 8

27  Cal. 4th at 725.  "As amended to include this word, the statute plainly indicates that

28  absent an intent to injure the plaintiff, malice **requires more than a willful and**

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA  90401-2386

1  **conscious disregard of the plaintiffs' interests**.  The additional component of

2  despicable conduct must be found." *Id.* (emphasis added).  Plaintiffs therefore cannot

3  rely on outdated law.  Moreover, Plaintiffs have conceded that, at most, all they have

4  pleaded is a conscious disregard of Mr. Livingston's interests:  "Livingston submits that

5  his allegations regarding Boeing's conduct with regard to its products amounts to

6  conscious disregard of his safety and, therefore, are sufficient to support a prayer for

7  punitive damages."  (Opp. at 8:26-28 (emphasis added).)  However, under *College*

8  *Hospital*, Plaintiffs must plead more than a conscious disregard of Mr. Livingston's

9  interest to state a claim for punitive damages.

10          Most of these cases are also inapplicable because they do not consider whether

11  punitive damages were properly pled in a products liability action.  Instead, most of the

12  cases cited by Plaintiffs alleged facts detailing specific conduct by defendants that

13  intentionally or recklessly caused physical or mental injuries.  *See Unruh*, 7 Cal. 3d at 632

14  ("It is clear from what we have said that [a punitive damages claim] is properly

15  ascertible in conjunction with the second and fourth counts [for assault and intentional

16  infliction of emotional distress] herein, although not with the first and third counts

17  which allege mere negligence."); *Taylor*, 24 Cal. 3d at 892 ("We consider whether

18  punitive damages (Civ. Code, § 3294) are recoverable in a personal injury action

19  brought against an intoxicated driver."); *Kiseskey*, 144 Cal. App. 3d at 234 ("While

20  pleading a 'wilful' failure to do something does not amount to pleading that a

21  defendant acted with the requisite wrongful personal intent to injure or in reckless

22  disregard of a plaintiff's rights, when coupled with the factual allegations of the alleged

23  actual language of the telephone threats of bodily harm or death, we hold that the

24  allegations of the FAC are sufficient in that regard."); *Monge*, 176 Cal. App. 3d at 506

25  ("The questions presented are (1) whether punitive damages may be recovered in a civil

26  action for conduct constituting employment discrimination in the form of sexual

27  harassment, intentional infliction of emotional distress, and constructive termination of

28

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

1  employment, and (2) whether this complaint states sufficient facts for punitive damage

2  liability.")

3          Plaintiffs' reliance on *West v. Johnson & Johnson Products, Inc.*, 174 Cal. App. 3d 831

4  (1985), is also unavailing because it was decided before the 1987 amendment.

5  Moreover, the *West* court did not consider whether plaintiff pleaded enough facts at the

6  pleading stage to state a claim for punitive damages.  In *West*, plaintiff presented

7  substantial specific factual evidence at trial related to a specific defendant and the Court

8  of Appeal held that the substantial factual evidence presented at trial warranted a

9  punitive damages jury instruction.  *Id.* at 869-871.  Here, Plaintiffs have not presented

10  any factual allegations related to Boeing – much less substantial specific factual

11  evidence – in support of the punitive damages claim.  There are no specific factual

12  allegations indicating that Boeing acted with malice, oppression, or fraud.

13          Likewise, Plaintiffs cannot rely on *Children's Television, Inc. v. General Foods Corp.*,

14  35 Cal. 3d 197 (1983), for the notion that they do not need to plead specific facts to

15  state a claim for punitive damages.  *Children's Television* did not consider the pleading

16  requirements for punitive damages.  Instead, the section relied upon by Plaintiffs from

17  *Children's Television* only considered the pleading requirements for fraud.  *Id.* at 216-221.

18  Plaintiffs' do not assert a fraud count against Boeing.  The pleading standard discussed

19  in *Children's Television* is therefore inapplicable.

20          Accordingly, as discussed in the Motion and this Reply, Plaintiffs have not

21  pleaded the required factual allegations for punitive damages and cannot rely on

22  inapplicable and outdated cases to save their punitive damages request.  The Court

23  should therefore grant the Motion.

24      **B.      Plaintiffs Fail to Plead Facts Demonstrating that Boeing Ratified**

25              **An Act of Oppression, Fraud, or Malice on the Part of An Officer,**

26              **Director, or Managing Agent of the Corporation.**

27          Corporations are legal entities that do not have minds capable of recklessness,

28  wickedness or intent to injure.  Therefore, an award of punitive damages against a

SM01DOCS\894396.3                           10

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

1 | corporation must rest on the malice of its employees; however, the law does not

2 | impute such malice to the corporation. *Cruz v. Homebase*, 83 Cal. App. 4th 160, 167

3 | (2000). Instead, the punitive damages statute requires proof of advance knowledge,

4 | ratification, or act of oppression, fraud or malice on the part of an officer, director, or

5 | managing agent of the corporation. *Id.*; Cal. Civ. Code § 3294(b).

6 |      As discussed in the Motion, the Complaint omits essential facts evidencing that

7 | Boeing had advance knowledge or ratified any fraud or malice on the part of an officer,

8 | director, or managing agent of Boeing. This is a critical failure on Plaintiffs' part

9 | because, in order to state a proper claim of punitive damages against corporate entities

10 | like Boeing, Plaintiffs must specifically allege whether and how the company consented

11 | or ratified fraud committed by one or more of its employees. *Id.* at 167. Therefore, on

12 | this ground alone, Plaintiffs' request for punitive damages should be dismissed.

13 |      In their Opposition, Plaintiffs do not even attempt to distinguish *Cruz* or argue

14 | that they have met its requirements. Plaintiffs have therefore tacitly conceded that their

15 | punitive damages claim fails. The Court should grant the Motion and dismiss

16 | Plaintiffs' baseless claim for punitive damages on this ground alone.

**IV.   CONCLUSION**

     For the foregoing reasons, Boeing respectfully requests that the Court grant this
Motion and dismiss Plaintiffs' claims and requests for punitive damages against Boeing.

Dated:     April 2, 2012     Respectfully submitted,

Robert E. Boone III
James C. Pettis
Alfred Shaumyan
**BRYAN CAVE LLP**

By: /s/ *Alfred Shaumyan*
     Alfred Shaumyan
     Attorneys for Defendant
     THE BOEING COMPANY

# CERTIFICATE OF SERVICE

I am employed in the County of Los Angeles , State of California.  I am over the age of 18 and not a party to the within action.  My business address is 120 Broadway, Suite 300, Santa Monica, CA 90401.

On April 2, 2012, I served the foregoing document, described as **THE BOEING COMPANY'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFFS' COMPLAINT** on each interested party in this action, as follows:

☒ (VIA ELECTRONIC SERVICE)  The document was served via The United States District Court of California – Central District's CM/ECF electronic transfer system which generates a Notice of Electronic Filing (NEF) upon the parties, the assigned judge and any registered user in the case.  Each transmission was reported as complete and without error.

☐ (BY MAIL)  I placed a true copy of the foregoing document in a sealed envelope addressed to each interested party as set forth above.  I placed each such envelope, with postage thereon fully prepaid, for collection and mailing at Bryan Cave LLP, Santa Monica, California.  I am readily familiar with Bryan Cave LLP's practice for collection and processing of correspondence for mailing with the United States Postal Service.  Under that practice, the correspondence would be deposited in the United States Postal Service on that same day in the ordinary course of business.

☐ (BY EXPRESS CARRIER)  I deposited in a box or other facility maintained by FedEx, Overnite Express or other express carrier service, or delivered to a courier or driver authorized by said express carrier service to receive documents, a true copy of the foregoing document, in an envelope designated by said express service carrier, for overnight delivery, with delivery fees paid or provided for.  [To the designated parties noted on the service list.]

☐ (BY FAX)  I caused a true copy of the foregoing document to be served by facsimile transmission at the time shown on each attached transmission report from sending facsimile machine telephone number (310) 576-2200 to each interested party at the facsimile number shown above.  Each transmission was reported as complete and without error.  A transmission report was properly issued by the sending facsimile machine for each interested party served.  A true copy of each such transmission report is attached hereto.

Executed on April 2, 2012, at Santa Monica, California.

I certify under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

_/s/ Monica Brandenberg_
Monica Brandenberg

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

886838